[No. 19502.    Department One.—March 30, 1895.]

## WILLIAM COTTER, RESPONDENT, *v.* CHARLES LINDGREN, APPELLANT.

NEGLIGENCE—LEAVING EXCAVATION UNGUARDED—UNCERTAINTY IN PLEADING.—A complaint stating that a pit was dug in the sidewalk of a highway by the defendant at a certain date, and that the same was left without protection, barriers, or lights, to warn persons of danger, and alleging that the injury to the plaintiff occurred on a subsequent date, but not stating that at the time of the alleged accident the pit was not properly protected and guarded with barriers and lights sufficient to apprise of danger persons traveling on the highway or sidewalk, is subject to a demurrer for uncertainty in not specifically alleging the unguarded condition of the excavation at the time of the accident.

ID.—DEFECTIVE FINDINGS.—Findings of fact, from which it cannot be inferred that the excavation was not sufficiently guarded and lighted at the time of the accident, are defective, and such defect is ground of reversal, where the evidence upon that subject was substantially conflicting.

ID.—MASTER AND SERVANT—EXCAVATION MADE FOR CONTRACTOR BY SERVANTS OF SUBCONTRACTOR.—SUBCONTRACTOR NOT LIABLE.—Where a building contractor is required by his contract to furnish all materials and do all the work including all necessary excavations for the foundation, with areas under the sidewalk to give light and ventilation to the cellar, and a subcontractor has only contracted to do the brickwork, including the walls inclosing the areas under the sidewalk, and the men employed by the subcontractor excavated the areas for the contractor, and under his direction, the relation of master and servant does not exist between the subcontractor and the men who excavated the areas in the sidewalk in regard to that work, and it is not material that the servants who did the work were in his general employ for other purposes.

ID.—DUTY TO GUARD AREAS—COMPLETION OF CONTRACT.—Where areas are excavated under a contract it is not the duty of the contractor to guard them after the job is completed, unless he has agreed to do so.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial.

The facts are stated in the opinion.

*Mahon & Laird,* for Appellant.

The demurrer to the complaint should have been sustained, as there is no allegation that the negligence compained of was existing at the time of the accident. (*Smith* v. *Buttner,* 90 Cal. 95; *Fredericks* v. *Tracy,* 98 Cal. 658; *Schmidt* v. *Kansas City Distilling Co.,* 90 Mo. 284; 59 Am. Rep. 16; *Poland* v. *Earhart,* 70 Iowa, 285; *Wise* v. *Hogan,* 77 Cal. 184.) A general allegation of negligence does not charge any fact. (*McPherson* v. *Pacific Bridge Co.,* 20 Or. 486.) The evidence does not show any liability on the part of the defendant, as he was merely a subcontractor whose duty it was to do certain work, other than the digging of the areas and the guarding of the excavations. (*McCleary* v. *Kent,* 3 Duer, 27; *Boswell* v. *Laird,* 8 Cal. 469; 68 Am. Dec. 345; *Du Pratt* v. *Lick,* 38 Cal. 691.) The mere fact that men who were in the employ of defendant dug the holes does not in any manner render him liable. (1 Addison on Torts, Wood's ed., sec. 580; Thompson on Negligence, 1057–60; 14 Am. & Eng. Ency. of Law, 836, note 4; *Donovan* v. *Oakland etc. Co.,* 36 Pac. Rep. 517; 14 Am. & Eng. Ency. of Law, 836, note 4.) A servant who merely hires laborers for the performance of the master's work is not answerable for the negligence of such fellow-servants, or for injuries inflicted by them in the course of their emplyment. (1 Addison on Torts, Wood's ed., sec. 579.)

*R. J. Ashe,* for Respondent.

The complaint states facts sufficient to constitute a cause of action. (*Barton* v. *McDonald,* 81 Cal. 265.) The only issue raised by the pleadings is, Did Lindgren, by his servants, dig the holes? Digging holes on a highway is a nuisance. (Civ. Code, 3479; Cooley on Torts, 626.) All who participate in the commission of wrong, by planning, by procuring men to execute, by directing or advising another, are principals, and are

jointly or severally liable to any one injured thereby, with or without a contract, and irrespective of negligence.   (*Creed* v. *Hartmann*, 29 N. Y. 591; 86 Am. Dec. 348.)   One interfering with a highway without permission is a wrongdoer, and is liable as an insurer that no one shall be injured by his wrongful use of the highway.   It is a nuisance, and can be excused only by the gross negligence of plaintiff.   (*Congreve* v. *Morgan*, 18 N. Y. 84; °72 Am. Dec. 495; *Hawkesworth* v. *Thompson*, 98 Mass. 77; 93 Am. Dec. 137; *Moir* v. *Hopkins*, 16 Ill. 313; 63 Am. Dec. 312; *Jenne* v. *Sutton*, 43 N. J. L. 257; 39 Am. Rep. 578.)

VANCLIEF, C.—Action for damages alleged to have been suffered by the plaintiff in consequence of negligence of the defendant in leaving unguarded an excavation which he had made in the sidewalk of a street in the town of Bakersfield, into which plaintiff fell and was injured.

The plaintiff had judgment for sixteen hundred dollars, from which and an order denying a new trial the defendant has appealed.

1. The appellant contends that the court erred in overruling his general and special demurrer to the complaint.   The following is a copy of the complaint:

" That on or about the 9th of February, 1893, defendant, by his servant, wrongfully dug a pit in the sidewalk of a certain highway known as 19th street, in the town of Bakersfield, Kern county, state of California, and negligently left the same open and exposed during the night-time, without any protection, barriers, or lights to warn citizens or travelers of danger.

"That on or about the 10th of February, 1893, the the plaintiff was lawfully traveling on said street wholly unaware of any danger, was precipitated into said excavation without any fault or negligence on his part. Whereby his left hip was dislocated, and he was made sick & sore & lame, & was confined to his bed, & had to use crutches for a long time, & was compelled to abstain

from work for sixty days, to his damage one hundred & twenty dollars ($120), and he has been compelled to incur an expense of three hundred dollars in medical services, nursing, & medicines. That ever since said accident he has suffered great bodily pain and anguish of mind, & that he is stiff & lame, & his health, strength, & activity has been & will be permanently injured and impaired, to his damage in the sum of ten thousand dollars.

" Wherefore, plaintiff prays judgment against defendant in the sum of ten thousand four hundred & twenty dollars, with costs of suit."

The following are the grounds of demurrer: "1. That said complaint does not state facts sufficient to constitute a cause of action; 2. The complaint is uncertain in this: The complaint states that the said pit was dug on or about the ninth day of February, 1893, and that the same was left without protection, barriers, or lights to warn citizens of danger; the accident complained of is alleged to have occurred on or about the tenth day of February, 1893, a time subsequent to the ninth, but it is not stated that at the time of the alleged accident the said pit was not properly protected and guarded by barriers and lights sufficient to apprise persons traveling on said highway or sidewalk of danger."

I think the demurrer should have been sustained on the second ground at least.

It was essential to plaintiff's cause of action that the pit was not sufficiently guarded and lighted at the time plaintiff fell into it, but this fact is not expressly alleged, nor does it necessarily follow from the allegation that defendant negligently left the pit "open and exposed during the night-time," etc., since it is not alleged that plaintiff fell into it during any night-time, much less during any particular night; and therefore it cannot be inferred that the pit was not properly guarded when he fell into it. In this respect the complaint is wholly uncertain.

2. The findings of fact are also defective in that, al-

though it is found that the plaintiff fell into the pit "on *or about* the night of February 10th," it is not found, and cannot be inferred from the findings, that the pit was not sufficiently guarded and lighted at the time he fell into it. And upon this issue the evidence was substantially conflicting.

3. Appellant further contends that the evidence does not justify the finding that defendant, by his servants, negligently or otherwise dug the pit into which plaintiff fell; and this raises the most important question in the case, which, in view of a new trial, should be decided.

The evidence without conflict proved the following facts relative to this issue:

Mr. A. Bodley contracted to build a house for Mr. Harris on Nineteenth street, in the town of Bakersfield. The contract required Bodley to furnish all the materials and to do all the work, including all necessary excavations for the foundation, with areas under the sidewalk to give light and ventilation to the cellar. Bodley entered into a subcontract with the defendant, by which the latter was to do all the brickwork, ironwork, glasswork on sidewalk and the plastering. The brickwork included walls inclosing the areas under the sidewalk. When all other brickwork was so nearly completed as not to afford work for all his employees the defendant announced to Bodley that he was ready to commence work on the area walls for which no excavations had then been made, and proposed that Bodley allow defendant's idle men to excavate the areas, for which defendant would pay their wages, to be repaid by him to Bodley. To this proposal Bodley assented, and thereupon defendant told his men to go to work on the areas, and that Bodley's foreman would show them where to dig. When they commenced Mr. Bodley himself showed them where to dig, and they dug the holes under his directions. Among other things, Bodley strictly directed them on the first day and also on the second day they worked, to put up guards around the excavations to keep people from falling in, and they promised to do so. When the

work was completed the defendant paid the men their regular wages; and as soon thereafter as Mr. Bodley "came around" he repaid the defendant what he had paid the men for excavating the areas.

Although there was a sharp conflict of evidence as to whether the excavation was properly guarded at the time of the accident, a finding that it was not so guarded would be held here to have been justified.

Does the evidence substantially tend to prove that the negligence by which the excavation was left unguarded was that of the defendant is the only material question to be considered.

No evidence tends to prove that the defendant contracted to excavate the areas, nor that he controlled or had the right to control the workman while doing the work; and it does not matter that the servants who did the work were in his general employ for other purposes. Speaking of the principle of *respondeat superior*, Mr. Wharton, in his work on Negligence, section 173, says: " *Nor does it matter that the servant is in the general employ of third persons.* Hence it is a logical inference that the principle does not cease to operate when the servant is in the employ of a third person, if released for the particular work in question." (Citing *Kimball* v. *Cushman*, 103 Mass. 194, 4 Am. Rep. 528, which is similar to this case, but extends the doctrine farther than necessary to discharge the defendant here.) It is well settled that, in order to hold the master responsible for the negligence of a servant, he must have the power of supervision of the servant's conduct. Indeed, the words master and servant imply such power. In this case the relation of master and servant did not exist between the defendant and the men who excavated the areas in the sidewalk in regard to that work; at least the evidence has no tendency to prove such relation, but the contrary.

It is also to be observed that even if the defendant, by his servants, had excavated the areas under contract, it would not have been his duty to guard them after the job was completed, unless he had agreed to do so. (*Don-*

*ovan* v. *Oakland etc. Co.*, 102 Cal. 245.) And there is no evidence tending to prove that the job had not been completed before the accident, while circumstantial evidence tends to prove that it had been so completed.

I think the judgment and order should be reversed and the cause remanded for a new trial.

SEARLS, C., and HAYNES, C., concurred

For the reasons given in the foregoing opinion the judgment and order are reversed and the cause remanded for a new trial.

GAROUTTE, J., HARRISON, J., VAN FLEET, J.