[Civ. No. 2044. Second Appellate District.—October 12, 1916.]

ROY KIRKPATRICK et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents; JAMES McLEOD, Applicant.

WORKMEN'S COMPENSATION ACT — DEATH OF EMPLOYEE OF TEAMING COMPANY—HIRING OUT OF TEAM AND EMPLOYEE TO THIRD PARTY—LIABILITY OF EMPLOYER.—Under the terms of the Workmen's Compensation, Insurance and Safety Act, a person engaged in the business of contract teaming and hauling is liable to the dependent parents of an employee for his accidental death while engaged in hauling lumber for a lumber company, where, he, in pursuance of a request made to his employer by the lumber company for a team and driver, was directed by his employer to perform such work.

ID.—MEANING OF TERMS "EMPLOYER" AND "EMPLOYEE."—The Workmen's Compensation, Insurance and Safety Act, in sections 13 and 14 thereof, furnishes its own definition of the terms "employer" and "employee." The former term includes every person who has any person in service under any contract of hire, express or implied, and the latter term includes every person thus in the service of such employer.

ID.—COMPENSATION TO DEPENDENTS OF KILLED EMPLOYEES—CONSTITUTIONALITY OF ACT.—The provisions of the Workmen's Compensation Act authorizing the payment of compensation to dependents of employees whose death has resulted from injuries received in the course of their employment, are constitutional.

APPLICATION for a Writ of Review, originally made to the District Court of Appeal for the Second Appellate District, to review an order made by the Industrial Accident Commission awarding compensation for death.

The facts are stated in the opinion of the court.

Hickcox & Crenshaw, for Petitioners.

Christopher M. Bradley, for Respondents.

CONREY, P. J.—A writ was issued in this proceeding to review an order of the Industrial Accident Commission whereby it awarded to the dependent parents of one Jay McLeod compensation for his accidental death while in the employ of Roy Kirkpatrick, defendant in that case and one of the petitioners herein. Jay McLeod was regularly employed by Kirkpatrick as a driver and teamster in connection with Kirkpatrick's business, which was that of contract teaming and hauling. On that day the Blinn Lumber Company requested the Pasadena Transfer Company to furnish a team and driver for the delivery of some lumber. The Pasadena Transfer Company called upon Kirkpatrick to furnish a team and driver to fill this order. Thereupon Kirkpatrick directed McLeod to take his team and do the hauling required. As Kirkpatrick did not have a wagon suitable for hauling lumber, a wagon of the Pasadena Transfer Company was used. While using said wagon and the horses of Kirkpatrick in hauling lumber for the Blinn Lumber Company the accident occurred which resulted in the death of McLeod. The Southwestern Surety Insurance Company is the insurance carrier for Kirk-

patrick, and had insured him against liability for compensation for injuries sustained by his employees in connection with his business.

Petitioners' first contention is that at the time of the accident McLeod was not the employee of Kirkpatrick, but was the employee of the Blinn Lumber Company, and that therefore Kirkpatrick was not liable for compensation to McLeod or to his dependents. The argument is based upon rules which often have been enforced in cases arising out of injuries to third persons through negligence of employees, and cases arising out of negligence resulting in injuries to employees, wherein it became necessary to determine who was the employer or master responsible for the acts of the servant or liable for injuries to the servant. It has sometimes been held that where the direct or immediate employer furnishes his servant to a third person to do work of the latter, and places the employee under the exclusive control of such third person in the performance of the work, the employee becomes for that particular purpose the servant of him to whom the employee is furnished; with resultant responsibility on the part of the employer whose work is being done. An instance of this kind is shown in *Cotter* v. *Lindgren,* 106 Cal. 602, [46 Am. St. Rep. 255, 39 Pac. 950]. It was there held that the defendant, who was the first or general employer of the servants whose negligence caused plaintiff's injuries, was not responsible for their negligence, because the work in which the servants were employed was not work of the defendant, and the defendant had not at that time the control or right to control or supervise the conduct of the servants in doing that work. But even in negligence cases it does not always follow that the general employer is freed from responsibility by the mere act of hiring out his employees to third persons to be used by them in the performance of their work. Thus in *Stewart* v. *California Improvement Co.,* 131 Cal. 125, [52 L. R. A. 205, 63 Pac. 177, 724], the defendant company had employed one Conger as engineer to manage a steam-roller owned by it. The steam-roller, with the engineer in charge, was hired out by the company to the city of Oakland for use in rolling and leveling a street, such use being under the direction of the superintendent of streets. The plaintiff suffered injuries caused by negligence of the engineer, who carelessly let off steam from the engine without giving warning

thereof, thereby frightening the plaintiff's horse. It was held that under the given circumstances the relation of master and servant existed between the defendant company and its engineer, and not between the city of Oakland and said engineer. ''Here the city simply hired the use of the street-roller outfit from the defendant company—to wit, the roller, engine, and the engineer to manage the same—for so much a day. The city's agent—foreman of the street superintendent—only directed or supervised how and where the street should be rolled; he did not have the control or management of the engine; this was subject entirely to the judgment of the engineer, the servant of the owner, the defendant company, who had selected and employed him for that special purpose, paid him his wages and had the sole right to discharge him.'' So here, the Industrial Accident Commission may well have concluded from the evidence that the Blinn Lumber Company simply hired the use of the team and driver to deliver its lumber, without in any way interfering with the control or management of the team by McLeod as servant of Kirkpatrick, who had selected and employed him for that special purpose, who paid him his wages, and had the sole right to discharge him. The evidence thus tending to support the commission's finding of fact to the effect that McLeod at the time of receiving his injuries was in the employ of Kirkpatrick, such findings are final and will not be reviewed in this proceeding, since they present only questions of fact and not of law.

The Workmen's Compensation, Insurance and Safety Act, in sections 13 and 14 thereof, furnishes its own definition of the terms ''employer'' and ''employee.'' The term ''employer'' includes every person who has any person in service under any contract of hire, express or implied. The term ''employee'' includes every person thus in the service of such employer. The decisions in negligence cases such as those above mentioned are not necessarily controlling in cases like the present; for the liability of the employer in this case arises, not from any wrong done by him, but from the statute which imposes such liability upon persons bearing toward each other the relation of employer and employee as defined in the statute. While this appears to be the first case in this state in which the courts have been called upon to review an award of the commission for injuries received by an

employee hired out by one employer to another, the same questions have been presented under the workmen's compensation acts in other states. In *Re State Workmen's Compensation Comm. (Dale v. Saunders Bros.)*, 218 N. Y. 59, [112 N. E. 571], the award was made to a widow and children for the death of one Frank Dale. The general employer in that case, like Kirkpatrick in this case, was engaged in the teaming business and in hiring out teams with drivers for trucking purposes. Dale was sent with a team to work for one Walsh, by taking sand from Walsh's sand-pit and delivering it to his customers. The court of appeals, after referring to the rules which we also have mentioned as applied in negligence cases, declared that the question in this case was not one of responsibility for negligent injuries inflicted upon strangers, nor upon an employee; that the doctrine of *respondeat superior* had no application there, nor were the rules of employers' liability for negligence controlling; and it was held that Dale was working for Saunders Bros. as a teamster; that he was engaged in teaming, not in the operation of a sand-pit. In like manner it might be said in the present case that McLeod was engaged in teaming, which was the business of Kirkpatrick, and not in the lumber business, which was the business of the Blinn Lumber Company.

In *Rongo v. R. Waddington & Sons*, 87 N. J. L. 395 (94 Atl. 408), a similar case arose. There the supreme court of New Jersey determined that the petitioner, who had been injured in the course of his employment, was the employee of Waddington & Sons, the contracting teamsters who employed him by the day, and who had let him out for the day to haul sand and other building materials for a third person. In this, as in the New York case, the terms of the statute were not identical with those of the California statute. They are sufficiently alike, however, to indicate the trend of opinion. In the New Jersey case it was determined that the person to whom the team and driver had been furnished by Waddington & Sons could not be held liable as the employer. He "had no direct dealings with the petitioner; he had nothing to say on the question how much wages petitioner should be paid; the only contract that he made was a contract with Waddington for the supply of a team consisting of a wagon, horses and driver, for which he paid as a team. There was of course ample evidence to justify an award as against

Waddington, and this is what we think the court ought to have done."

Petitioners further contend that "Kirkpatrick not being the immediate employer, would be considered as a principal and intermediate contractor, and would be excluded from liability under subdivision 1 of subdivision d, section 30, of the Workmen's Compensation, Insurance and Safety · Act." Even without taking into consideration the effect of section 30 under the construction given to it in *Carstens* v. *Pillsbury,* 172 Cal. 572, [158 Pac. 218], and *Sturdivant* v. *Pillsbury,* 172 Cal. 581, [158 Pac. 222], we are of opinion that Kirkpatrick does not occupy any different relation than that of an "immediate employer," as those words are used in said section 30.

Finally, petitioners contend that the act under consideration, so far as it provides or attempts to provide for compensation to others than employees, is unconstitutional. This question has been determined adversely to petitioners' contention, by a recent decision of the supreme court. (*Western Metal Supply Co.* v. *Pillsbury,* 172 Cal. 407, [156 Pac. 491].)

The award is affirmed.

James, J., and Shaw, J., concurred.