BYRNE DOORS, Inc., et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 31300. Feb. 8, 1944.

*145 P. 2d 754.*

Crouch, Rhodes & Crowe, of Oklahoma City, for petitioners.

George D. Davis, of Norman, and Looney, Watts, Fenton & Eberle, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Byrne Doors, Inc., employer, and its insurance carrier, Liberty Mutual Insurance Company, to review an award made to Charles E. Manning, hereinafter called respondent.

On the 7th day of December, 1942, respondent filed his first notice of injury and claim for compensation alleging that on November 9, 1942, while employed by the Byrne Doors, Inc., he sustained an accidental injury arising out of and in the course of his employment while unloading doors from a coal car. A two-thousand-pound steel door fell against him, breaking his ribs, crushing his chest, and injuring his back. The resulting disability is not questioned. On December 17, 1942, the trial commissioner entered an award, and thereafter, on December 28, 1942, the State Industrial Commission vacated the order formerly made, and on December 30, 1942, the trial commissioner made identical findings with those formerly made. An appeal was taken from the order of December 30, 1942, and on January 7, 1943, the State Industrial Commission vacated the award of the

trial commissioner and entered an award for respondent.

Petitioner presents two propositions. It is first urged that because there was no appeal from the order of December 17, 1942, within ten days, the State Industrial Commission was without authority to vacate the same on December 28, 1942. With this contention we cannot agree. The State Industrial Commission has complete control of its awards under 85 O. S. 1941 § 29 for a period of 20 days. It may vacate and set aside or modify in any form any award made by the State Industrial Commission or trial commissioner within said period. Owens v. McCallum & Forber, 186 Okla. 305, 97 P. 2d 754. This was the rule under the old law (O. S. 1931, § 13363) and the rule was not changed by the new law (85 O. S. 1941 § 29) giving the right to appeal from an order made by a commissioner to the commission en banc within ten days.

It is next contended that there is no competent evidence reasonably tending to support the finding of the State Industrial Commission that the relation of employer and employee existed at the time of the accidental injury.

The record discloses that on or about November 9, 1942, the superintendent of Byrne Doors, Inc., came to the representative of the Harmon-Cowen and Norton-Tankersley Construction Company and advised him that he had one or two carloads of doors on the railway tracks in the area of the naval construction project at the United States Naval South Base, Norman, Okla., and that he was unable to get anyone at that particular time to unload the doors for him. He requested the representative of the latter company to direct certain of its employees to assist him in unloading said doors. The respondent was assigned, together with a group of other employees of Harmon-Cowen and Norton-Tankersley Construction Company, to go to the premises under the control and supervision of the Byrne Doors, Inc., and it was while respondent was assisting in unloading said doors for the Byrne Doors, Inc., that the accident occurred. The general employer charged back to the special employer, the Byrne Doors, Inc., the exact amount of wages of the crew for the time consumed in unloading the doors. A representative of Byrne Doors, Inc., was not present when the doors were unloaded and the injury occurred, and consequently did not direct how the work should be done. However, there is evidence that on a prior occasion when similar work was done for Byrne Doors, Inc., by a crew from the general contractor, the superintendent of Byrne Doors, Inc., was present and supervised the work, and the foreman of the general contractor looked to him for such instructions.

We are of the opinion, and hold, that the State Industrial Commission was authorized to find from the above-stated facts that the respondent was the employee of Byrne Doors, Inc. Manahan Drilling Co. v. Wallace, 179 Okla. 613, 67 P. 2d 1; Wylie-Stewart Machinery Co. v. Thomas, 192 Okla. 505, 137 P. 2d 556; 3 A.L.R. 1181, note; 34 A.L.R. 768, note. In Manahan Drilling Co. v. Wallace, supra, we said that whether there is sufficient showing by the evidence to establish the relationship of employer and employee is a matter for review by this court as a matter of law. And in Wylie-Stewart Machinery Co. v. Thomas, supra, it is stated that it is well settled that one who is the general servant of another may be loaned or hired by his master to another for some special service so as to become, as to that service, the servant of such third person.

Under the facts and circumstances of this case, we are of the opinion that the finding that the respondent was the employee of the petitioner Byrne Doors, Inc., under the loaned servant doctrine, is amply sustained.

The award of the State Industrial Commission is sustained.

CORN, C. J., and RILEY, OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V.C.J., and WELCH, J., dissent. BAYLESS, J., absent.