**DIXON BROTHERS LUMBER AND SUPPLY COMPANY and Franklin Insurance Company, Petitioners,**

v.

**Grover WATSON and the State Industrial Court, Respondents.**

**No. 37864.**

Supreme Court of Oklahoma.

June 14, 1960.

Covington, Donovan & Gibbon, A. M. Covington, Gerard K. Donovan, Tulsa, for petitioners.

Howard C. Triggs, Oklahoma City, Mac Q. Williamson, Atty. Gen., Richard M. Huff, Asst. Atty. Gen., for respondents.

JOHNSON, Justice.

On the 15th day of June, 1954, Grover Watson, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on March 20, 1954, while employed by Dixon Brothers Lumber and Supply Company, he sustained an accidental injury arising out of and in the course of his employment. The State Industrial Court entered an award, and this proceeding is brought by the employer and its insurance carrier, Franklin Insurance Company, hereinafter called petitioners, to review the award, which is in part as follows:

> "That on March 20, 1954, claimant herein was in the employ of the respondent, engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and on said date he sustained an accidental personal injury, arising out of and in the course of his employment, consisting of an injury to his back and hip.
>
> "That claimant's wages were sufficient to entitle him to $28.00 per week

compensation; that claimant lost no time from his work by reason of said injury.

"That respondent and insurance carrier are to provide claimant with medical treatment as recommended by Dr. Frank Stuart and Dr. Imler, and to commence payment of temporary total compensation upon claimant's submission to surgery."

The record discloses that on the 12th day of November, 1954, a trial judge denied an award, and on appeal to the State Industrial Court en banc this order was vacated with directions for the trial judge to conduct a hearing. Thereupon an appeal was taken to this court by the petitioners and disposed of on a motion to dismiss. Dixon Brothers Lumber & Supply et al. v. Watson et al., Okl., 281 P.2d 182.

Thereafter on April 4, 1955, an award was entered by the trial judge for five percent permanent partial disability to the body as a whole. The petitioners appealed therefrom to the Supreme Court, and that appeal is pending herein. Dixon Brothers Lumber and Supply Company v. Watson, No. 36,866. The claimant thereafter, but within the time allowed by statute, appealed to the State Industrial Court en banc, and the above award was entered from which this proceeding is prosecuted (issues joined in this court on April 6, 1960).

It is first argued that claimant was not in the employ of Dixon Brothers Lumber and Supply Company but was in the employ of Dr. Dixon, the father of the two brothers who operated the Dixon Brothers Lumber and Supply Company. The record does not disclose in what capacity the two brothers operate the Dixon Brothers Lumber and Supply Company. We assume it is a partnership. On the 20th day of March, 1954, claimant was in the employ of Dixon Brothers Lumber and Supply Company and had been for approximately one year. His duties were to deliver lumber and supplies and do repair and construction work as a carpenter for Dixon Brothers Lumber and Supply Company. He had been sent on numerous occasions for this purpose,

sometimes accompanied by other employees. On the date in question the Dixon Brothers directed claimant to their father's home (Dr. Dixon) with instructions to move some furniture for him, and for this purpose furnished the claimant a pickup truck to go to Dr. Dixon's and return, and the claimant was paid his regular wages by Dixon Brothers. The claimant on other occasions had been sent to customers of Dixon Brothers to do work and was always paid his regular wages, and his employer would bill the customer for claimant's services. The two brothers merely sent the employee, the claimant, to the home of their father to move some furniture for him, and while doing so the claimant sustained the injury in question. The only control Dr. Dixon, the father, exercised over the claimant was to direct him in the moving of the furniture.

It is argued that claimant was a loaned servant and not an employee of Dixon Brothers Lumber and Supply Company. Under the circumstances herein, it cannot be said that claimant was a loaned servant since the general master, Dixon Brothers, did not relinquish direction and control of the claimant while performing this task for their father. We last considered this question in Ishmael et al. v. Henderson et al., Okl., 286 P.2d 265. Therein cited is Scribner's Case, 231 Mass. 132, 120 N.E. 350, 3 A.L.R. 1178. This case is annotated in 3 A.L.R. 1181; 34 A.L.R. 768; 58 A.L.R. 1467; and 152 A.L.R. 816. In the original annotation Kirkpatrick v. Industrial Accident Commission, 31 Cal. App. 668, 161 p. 274, 275, is analyzed. Therein an employee of Kirkpatrick, a teamster, was sent to haul lumber for a lumber company. In the opinion it is stated:

"The Workmen's Compensation, insurance and Safety Act, in sections 13 and 14 thereof, furnishes its own definition of the terms 'employer' and 'employé.' The term 'employer' includes every person who has any person in service under any contract of hire, express or implied. The term 'employé' includes every person thus

in the service of such employer. The decisions in negligence cases such as those above mentioned are not necessarily controlling in cases like the present; for the liability of the employer in this case arises, not from any wrong done by him, but from the statute, which imposes such liability upon persons bearing toward each other the relation of employer and employé as defined in the statute. * * *"

In Ishmael et al. v. Henderson et al., supra, we stated [286 P.2d 267] :

"* * * This court has applied the 'loaned servant' doctrine in two cases arising under the Workmen's Compensation Act of this state, namely, Byrne Doors, Inc. v. State Industrial Commission, 193 Okl. 541, 145 P.2d 754, and Crutchfield v. Melton, Okl., 270 P. 2d 642. In both of those cases, however, we merely sustained an award against the special or borrowing master on the basis of the facts of the particular case, and the facts in the case at bar are in no wise identical with the facts in either of those cases. We did not hold in either of those cases that the general or lending employer is necessarily freed from liability by the act of hiring out his employees to third persons to be used by them in the performance of their work. * * * "

The rule is applicable here. The State Industrial Court did not err in finding that claimant was an employee of Dixon Brothers Lumber and Supply Company.

It is next argued that the State Industrial Court, while sitting en banc, erred as a matter of law in vacating the previous award entered in this case by the trial judge on April 4, 1955, for the reason that it was without jurisdiction while there was an appeal from the trial judge's award pending in this court in cause No. 36,866. This question presents a case of first impression in this jurisdiction. 85 O.S. 1951 § 77 provides for appeals to the State Industrial Court en banc. Petitioners argue that by the appeal from the award of the trial judge to the Supreme Court the State Industrial Court en banc loses jurisdiction. This depends upon the intent of the legislature. 85 O.S.1951 § 29 provides for appeal from the final order or award of the State Industrial Court. We have held that although proceeding on appeal to the State Industrial Court en banc is denominated an appeal it is a re-examination in the same forum of the question formerly determined by a single trial judge. Higgs v. State Industrial Commission et al., 197 Okl. 281, 170 P.2d 240.

By express statutory provisions of 85 O.S.1951 § 29, an order, decision or award made by a Commissioner is final unless appealed to the Commission en banc or to the Supreme Court.

■ Under 85 O.S.1951 § 77 an appeal to the Commission en banc shall be allowed as a matter of right. If an appeal is timely made to the Commission en banc, the order, decision or award made by a Commissioner is not a final order which can be appealed to the Supreme Court. A contrary holding would mean that one party by perfecting an appeal to the Supreme Court from an order of a commissioner could and would abrogate the right of the other party to appeal to the Commission en banc. We therefore hold that an appeal lodged in the Supreme Court is premature if another appeal is lodged to the Commission en banc within the time prescribed by statute.

■ It is next argued that the State Industrial Court erred in setting aside the order as to five percent permanent partial disability and stating that it found a change in condition since the prior order of the trial judge. We find no error in this respect. The State Industrial Court had authority to vacate the order and remand the proceeding to the trial judge for further hearing. Shell Pipe Line Corp. v. Newman et al., Okl., 278 P.2d 238. When it vacated the order the cause stood as if no award had been made. Boen v. State Industrial Commission et al., 202 Okl. 258, 212 P.2d

457; Adams v. City of Anadarko et al., 202 Okl. 72, 210 P.2d 151.

The trial judge had authority to consider any disability and make any award based on the disability of the claimant caused by the accidental injury of March 20, 1954.

Award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, BLACKBIRD, JACK-SON, IRWIN and BERRY, JJ., concur.