AKERS AND VAN HOOK CONSTRUCTION COMPANY and Tri-State Insurance Company, Petitioners,

v.

R. H. BELLER, Steelman Construction Company, Employers Liability Insurance Company and State Industrial Court, Respondents.

No. 39014.

Supreme Court of Oklahoma.

Oct. 11, 1960.

Rehearing Denied Nov. 15, 1960.

Wayne B. Snow, of Savage, Gibson, Benefield & Shelton, Oklahoma City, for petitioners.

Stubbs & Douglas, Wm. G. Smith, Fenton, Fenton, Smith & McCaleb, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

On September 24, 1959, R. H. Beller, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on August 24, 1959, he sustained an accidental injury arising out of and in the course of his employment, while employed by Steelman Construction Company and Akers and Van Hook Construction Company. An award was entered against Akers and Van Hook Construction Company, hereinafter called employer, finding that claimant was not the employee of Steelman Construction Company. This proceeding is brought by the employer and its insurance carrier, Tri-State Insurance Company, to review the award in so far as it finds that claimant was not the employee of Steelman Construction Company.

Both employers argue that there is no competent evidence reasonably tending to support the finding that claimant has any disability resulting from the accidental injury.

Petitioners first argue there is no competent evidence reasonably tending to support the finding that claimant was the employee of Van Hook Construction Company and therefore the State Industrial Court erred in releasing the Steelman Construction Company.

Claimant testified that in the middle of August, 1959, he was employed by the employer. He was operating cats, scrapers and motor patrols in the construction of a parking lot for the Government Employment Exchange. He was injured when he picked up a big rock to throw it off the edge of the parking lot. He felt pain in both legs. He worked for approximately a week and went for treatment to Dr. B. In September he went to a hospital and stayed two weeks. It is the testimony of expert witnesses, he is suffering from an aggravated heart condition and is tem-

porarily totally disabled. The award is in part as follows:

"That claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, within the terms and meaning of the Workmen's Compensation Law, on August 21, 1959, consisting of injury to his back and heart, and that at the time of claimant's injury he was an employee of Akers Van Hook Construction Company; that claimant failed to give the statutory notice, but respondent had actual notice and was not prejudiced thereby.

"That at the time of said injury, claimant's wages were sufficient to fix his rate of compensation at $35.00 per week for temporary total disability and $30.00 per week for permanent partial disability; that as a result of said injury, claimant was temporarily totally disabled from September 25, 1959, to October 30, 1959, for which he is entitled to compensation for 5 weeks in the total amount of $175.00, which has not been paid, and on which date temporary total disability ended.

"That there was no employee or employers relation between claimant and the Steelman Construction Company, therefore his claim against the Steelman Construction Company is hereby denied; and that claimant's permanent partial disability be held in abeyance at this time."

The evidence discloses without substantial dispute that on or about August 1, 1959, claimant was sent from a labor union hall to the place of business of employer and was placed on the payroll of the employer and was on the payroll at the date of the alleged accidental injury. After the accidental injury he was paid by check delivered by Pat Corley, manager and superintendent of employer. Although there was some direction by the agent Hurt, who was employed by Steelman Construction Company, that direction was not as agent of the Steelman Construction Company but as the agent by agreement with Pat Corley, superintendent for employer. Pat Corley checked the time of claimant the day he was injured and directed him to quit at the end of his eight hours.

 We are of the opinion and hold that claimant was an employee of employer. The cases applicable are: Dixon Brothers Lumber & Supply Co. et al. v. Watson et al., Okl., 353 P.2d 478; and Ishmael et al. v. Henderson et al., Okl., 286 P.2d 265, 267. In Ishmael et al. v. Henderson et al., supra, an employee was sent by a contractor engaged in general oil field work to hire laborers. In holding the general employer who had loaned the employee liable the court stated:

"* * * This court has applied the 'loaned servant' doctrine in two cases arising under the Workmen's Compensation Act of this state, namely, Byrne Doors, Inc., v. State Industrial Commission, 193 Okl. 541, 145 P.2d 754, and Crutchfield v. Melton, Okl., 270 P.2d 642. In both of those cases, however, we merely sustained an award against the special or borrowing master on the basis of the facts of the particular case, and the facts in the case at bar are in no wise identical with the facts in either of those cases. We did not hold in either of those cases that the general or lending employer is necessarily freed from liability by the act of hiring out his employees to third persons to be used by them in the performance of their work. * * *"

The finding that claimant was an employee of Akers and Van Hook Construction Company is supported by the evidence.

It is next argued the finding of the State Industrial Court as to the accidental injury and resulting disability is not supported by any competent evidence.

Claimant testified that while removing dirt preparatory to laying cement he picked up a big rock and strained his back. This

was on August 21, 1959. On August 26th thereafter Pat Corley paid claimant. On this date he saw Dr. B who sent him to the hospital. He was in the hospital two weeks where he was treated by Dr. B. This doctor filed two reports which state that due to his accidental injury he is temporarily totally disabled. The evidence of the medical experts is in conflict. Reports of doctors for petitioners show prior disabilities due to other accidental injuries. In Choctaw Cotton Oil Co. et al. v. Boyd et al., 162 Okl. 15, 18 P.2d 859, we stated:

> " 'Where an accidental personal injury, arising out of and in the course of employment and within the terms of the Workmen's Compensation Law, aggravates and lights up a pre-existing physical condition, the injured employee is, nevertheless, entitled to compensation therefor.' Patrick & Tillman Drilling Co. v. Gentry, 156 Okl. 142, 9 P.2d 921."

In Liberty Glass Co. v. Harlin et al., Okl., 265 P.2d 1096, 1097, we stated:

> "As to whether or not the disability is due to prior injury or disease or is an aggravation of a prior latent condition is a question of fact. Prince Chevrolet Co. v. Young, 187 Okl. 253, 102 P.2d 601; Grimshaw Const. Co. v. Bias, 184 Okl. 122, 85 P.2d 304."

See, also, Calhoun Construction Co. et al. v. Sexton et al., Okl., 288 P.2d 705; and Bartlett-Collins Co. v. Armstrong et al., Okl., 345 P.2d 898. As stated in City of Kingfisher et al. v. Jenkins et al., 168 Okl. 624, 33 P.2d 1094:

> "Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based thereon when reasonably supported will not be disturbed."

There is competent evidence reasonably tending to support the finding that claimant is temporarily totally disabled by reason of an accidental injury sustained on August 21, 1959.

Award sustained.