ROBERTS TRUCK SERVICE and Standard Insurance Company, Petitioners,

v.

Marion J. SINGLETERRY, J & J Wholesale Tile Company, Travelers Insurance Company and the State Industrial Court, Respondents.

No. 39057.

Supreme Court of Oklahoma.

Nov. 22, 1960.

John W. Lee, Oklahoma City, for petitioners.

A. D. Mason, Tulsa, for respondent, Marion E. Singleterry.

Sanders & McElroy, Tulsa, for respondents, J & J Wholesale Tile Company and Travelers Insurance Company.

Mac Q. Williamson, Atty. Gen., for respondent, State Industrial Court.

JOHNSON, Justice.

On the 30th day of November, 1959, Marion E. Singleterry, hereinafter called claimant, filed his first notice of injury and claim for compensation against Roberts Truck Service and J & J Wholesale Tile Company stating that he sustained an accidental injury on October 14, 1959, while hauling tile. An award was entered finding that claimant was the employee of Roberts Truck Service, and this proceeding is brought by Roberts Truck Service and insurance carrier, Standard Insurance Company, against claimant and J. & J. Wholesale Tile Company and its insurance carrier, Travelers Insurance Company, to review the award. For convenience Roberts Truck Service will be referred to herein as Roberts.

The record discloses that claimant was a truck driver for Roberts and had been so employed over a period of fifteen years. Roberts operates a truck line for hire. On October 12, 1959, claimant as a second driver went with a truck for Roberts leaving from the home office at Tulsa, Oklahoma, going to Independence, Kansas, where the truck was loaded for delivery to Edinburg, Texas. Two days thereafter the truck was driven to Brownsville, Texas, where it was loaded with a cargo of tile for J & J Wholesale Tile Company for delivery to Tulsa, Oklahoma. While loading the truck at Brownsville it was necessary to cover the load with a tarpaulin, and in so doing claimant fell from the truck sustaining the injury involved.

The cause and extent of the disability are not in dispute.

Petitioners first argue that the finding of the State Industrial Court that claimant was the employee of Roberts is error. Roberts is the owner of several trucks used in freighting. For his business he hires his own drivers and pays them a salary and their expenses and maintains the trucks, including the payment for operation and repairs. Roberts has a number of more or less regular customers. J & J Wholesale Tile Company is one of these customers.

In hauling for customers out of the State of Oklahoma Roberts uses a plan approved by the federal government by which he leases his trucks to the customers. This lease was in writing. A similar lease was introduced in evidence. J & J Wholesale Tile Company paid claimant $35 for his trip. This check was given to Roberts by claimant. In addition to this $35 J & J Wholesale Tile Company paid Roberts an agreed mileage.

Petitioners cite Byrne Doors, Inc. et al. v. State Industrial Commission et al., 193 Okl. 541, 145 P.2d 754; Crutchfield et al. v. Melton et al., Okl., 270 P.2d 642; Utah Fire Clay Co. v. Industrial Commission et al., 86 Utah 1, 40 P.2d 183; Patton v. Patton & Boyd et al., Mo., 308 S.W.2d 739; and Wall v. Penn Lumber and Mill Works et al., 171 Pa.Super. 512, 90 A.2d 273, which we have considered. However, we think the facts in the instant case are more analogous to those presented in Dixon Bros. Lumber & Supply Co. et al. v. Watson et al., Okl., 353 P.2d 478; and Ishmael et al. v. Henderson et al., Okl., 286 P.2d 265. In Dixon Bros. Lumber and Supply Co. v. Watson, supra, it is stated [353 P.2d 480]:

"It is argued that claimant was a loaned servant and not an employee of Dixon Brothers Lumber and Supply Company. Under the circumstances herein, it cannot be said that claimant was a loaned servant since the general master, Dixon Brothers, did not relinquish direction and control of the claimant while performing this task for their father. We last considered this question in Ishmael et al. v. Henderson et al., Okl., 286 P.2d 265. Therein cited is Schribner's Case, 231 Mass. 132, 120 N.E. 350, 3 A.L.R. 1178. This case is annotated in 3 A.L.R. 1181; 34 A.L.R. 768; 58 A.L.R. 1467; and 152 A.L.R. 816. In the original annotation Kirkpatrick v. Industrial Accident Commission, 31 Cal.App. 668, 161 P. 274, 275, is analyzed. Therein an employee of Kirkpatrick, a teamster, was sent to haul lumber for a lumber company. In the opinion it is stated:

" 'The Workmen's Compensation, Insurance and Safety Act, in sections 13 and 14 thereof, furnishes its own definition of the terms "employer" and "employe." The term "employer" includes every person who has any person in service under any contract of hire, express or implied. The term "employe" includes every person thus in the service of such employer. The decisions in negligence cases such as those above mentioned are not necessarily controlling in cases like the present; for the liability of the employer in this case arises, not from any wrong done by him, but from the statute, which imposes such liability upon persons bearing toward each other the relation of employer and employe as defined in the statute. * * ' "

In Ishmael v. Henderson, supra, it is stated [286 P.2d 267]:

" * * * This court has applied the 'loaned servant' doctrine in two cases arising under the Workmen's Compensation Act of this state, namely, Byrne Doors, Inc. v. State Industrial Commission, 193 Okl. 541, 145 P.2d 754, and Crutchfield v. Melton, Okl., 270 P.2d 642. In both of those cases, however, we merely sustained an award against the special or borrowing master on the basis of the facts of the particular case, and the facts in the case at bar are in no wise identical with the facts in either of those cases. We did not hold in either of those cases that the general or lending employer is necessarily freed from liability by the act of hiring out his employees to third persons to be used by them in the performance of their work. * * * "

In Crutchfield v. Melton, supra, it is stated [270 P.2d 645]:

"In the case at bar, Evans was not engaged in the business of hiring out tractors and bulldozers with drivers for them. * * * "

Roberts was extensively engaged in freight hauling for hire, hired his own em-

ployees, including claimant, and claimant was subject to his discharge at any time and was under his direction and control. The State Industrial Court did not err in finding claimant was an employee of Roberts.

Finally, it is argued that the State Industrial Court erred in entering an award for medical expenses. The claims for medical expenses were presented. They were $125 for Dr. S and a hospital claim for $416.50. Petitioners did not object to the medical claim for $125. They stated they desired to examine the doctor and those interested in the hospital claim for $416.50, and the trial judge stated they were introduced for allowance subject to a determination as to their reasonableness. The petitioners have the right to present such proof as they might wish to determine the reasonableness of these claims. There was no error in allowing the claims.

Award sustained.