## PATRICK & TILLMAN DRILLING CO. et al. v. GENTRY et al.

No. 22795. Opinion Filed March 29, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioners.

J. Berry King, Atty. Gen., and John Embry, for respondents.

CLARK, V. C. J. This is an original proceeding by petitioners to review an award of the State Industrial Commission, made and entered on the 6th day of August, 1931, in favor of W. J. Gentry, wherein the Commission made the findings that claimant below, on the 8th day of January, 1928, in the employment of the respondent below, engaged in a hazardous occupation, subject to and covered by the Workmen's Compensation Law, sustained an accidental injury arising out of and in the course of his employment by having his right eye injured.

That prior to said accidental injury, the claimant had sustained another accidental injury to his right eye, by which he had sustained a 20 per cent. permanent partial

loss of sight to his right eye. That the average daily wage of claimant below at the time of the injury was $7 per day. That by reason of this injury of January 8, 1928, claimant below suffered the remaining 80 per cent. loss of vision of the right eye. That by reason of said accidental injury, claimant was temporarily totally disabled for a period of 26 weeks beyond the five-day waiting period.

Claimant below was awarded 26 weeks' compensation at $18 per week, as temporary total disability, and further awarded 80 weeks' compensation on account of the accident January 8, 1928, by which he lost the remaining 80 per cent. loss of vision of the right eye, at the rate of $18 per week, or the total sum of $1,440.

The petitioners contend under their proposition A:

"There is no evidence in the record tending to support the order and award of the Industrial Commission for temporary disability."

The record discloses that the respondent herein, Gentry, while in the employ of petitioners, Patrick & Tillman Drilling Company, on the 8th day of January, 1928, performing the work of a rough-neck on a well being drilled by petitioners, while driving the tong dies out of the tong, hit the dies on a hammer and nicked a piece of steel off and it hit him in the right eye. That he was first given medical attention by Dr. Mosher, who took the steel out and treated his eye and he wore a bandage over the eye for about two weeks, and that he continued his treatment with Dr. Mosher for about a month; and that his sight did not improve; that he then went to Dr. Wails at Oklahoma City; then went to Dr. Barker, who operated on his eye and removed a piece of steel. That from the date of the injury up until the time he was operated on by Dr. Barker, he could see a little light or vision out of his eye, and after the operation by Dr. Barker he could see a little light in the room was all, and that at the time of the hearing in this case on July 15, 1930, he was unable to see anything out of his eyes.

That respondent was off from work immediately after the injury for three or four days and then returned to work and in three or four weeks after the injury, he was taken to Dr. Wails, and then to Dr. Barker, who performed the second operation on his eye; and that after the operation he was off for some eight months before he started to work.

The question of temporary total disability, and the period of time of temporary total disability, are questions of fact, and the findings of the State Industrial Commission thereon, where there is any competent evidence tending to support the same, will not be disturbed by this court on review, and we are of the opinion that there is competent evidence in the record supporting the findings of the Commission with reference to temporary total disability.

Petitioners, under propositions B and C, contend:

"Proposition B. The evaluation of permanent disability is not supported by competent evidence.

"Proposition C. The finding of fact by the Commission, that the injury of January 8, 1928, was the cause of 80 per cent. of the permanent condition, is not supported by a reasonable interpretation of the evidence."

The record discloses by medical expert testimony that the vision of claimant's right eye, which is the eye in question in this case, is permanently totally destroyed for all practical purposes, which is agreed to by petitioners in their brief, with the contention it was caused by reason of a prior injury. The record discloses that, in 1926, some two years prior to the date of the injury complained of in this case, the claimant below sustained an injury to his right eye, for which he was treated by physicians for two or three weeks and continued his work. A month later he went back to physicians on account of his eye appearing a little weak when in the sunlight, and was advised by the physician to wear colored glasses, which he did at intervals for possibly a couple of months; that after wearing the colored glasses for a couple of months the condition did not continue.

Claimant testified that up to and prior to the injury of 1928, he could see out of his eye. That he noticed the condition of his right eye with reference to being able to see out of it on several occasions, and gave one instance of tightening the rods on his car when he got some dirt or grease in his left eye, and that on another occasion, prior to the injury of 1928, he went hunting and shot right-handed, which was about a week prior to the time he went to work on the last well, at which time he received the injury of 1928. That he went to work on the last well December 24, prior to the accident on January 8, 1928. That while hunting, shooting right-handed, he was able to see out of his right eye. That he had

worked continuously prior to the injury of 1928, and that his eye was all right.

The record discloses that, after the injury of January 8, 1928, claimant's (respondent herein) eyesight commenced to fail him; and there is medical expert testimony that about a month after claimant had received the injury of 1928, by which he had been struck in the eye by a piece of steel which had been removed, another piece of steel was found in his eye which was on the outer side of the eye and in the eyeball, which was removed to save the eyeball and possibly a little vision; and at said time, which was about a month after the injury of January, 1928, claimant below had less than 50 per cent. vision in the eye. That a capsule had formed around this piece of steel, and that by reason of the foreign body being encapsuled, it was a sort of dormant or chronic condition, and anything that moves it will injure the capsule, and that when the capsule is ruptured, then degenerating process begins and destruction of eyeball unless prevented; and that an injury would light up the pre-existing condition of the eye and cause the loss of sight. That at the time of the operation and the removal of the piece of steel about a month after the injury of January, 1928, the condition of the eye was subacute. Dr. C. B. Barker testified as follows:

"Q. What is the effect upon the degeneration of the eye of a foreign body which the eye receives, and there remains for a long period of time? A. A foreign body in any part of the body represents a disability; like a man will carry a bullet for years and cause no trouble unless he injures that, and in that injury makes a fresh injury out of it or ruptures it; that eye being already in a diseased condition, it will light up and cause destruction."

There is competent evidence in the record that claimant did not have loss of vision in his right eye by reason of the prior injury in 1926, at the time of the injury in January, 1928.

Section 7290, C. O. S. 1921, subdivision 6 thereof, as amended by Session Laws of 1923, chap. 61, reads as follows:

"Previous Disability: The fact that an employee has suffered previous disability, or received compensation therefor, shall not preclude him from compensation for a later injury; but in determining compensation for the later injury his average weekly wages shall be such sum as will reasonably represent his earning capacity at the time of the later injury."

In the case of Magnolia Petroleum Co. v. Snapp, 149 Okla. 51, 299 P. 137, in the second paragraph of the syllabus, this court said:

"Where an accidental personal injury, arising out of and in the course of employment and within the terms of the Workmen's Compensation Act, aggravates a pre-existing physical condition, the injured employee is, nevertheless, entitled to compensation therefor, under the provisions of section 7290, C. O. S. 1921, as amended by the Session Laws of 1923, ch. 61, sec. 6, subd. 6."

We are of the opinion that the finding and award of the State Industrial Commission that claimant below, respondent herein, had suffered an 80 per cent. loss of vision of his right eye by reason of the injury of January 8, 1928, is supported by competent evidence.

The judgment and award of the State Industrial Commission is affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., dissents. RILEY J., absent.