### CHOCTAW COTTON OIL CO. et al. v. BOYD et al.

No. 24013. Opinion Filed Jan. 31, 1933.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Brunson, Kemp & Kemp, for respondent.

McNEILL, J. This is a proceeding to review an order and award of the State Industrial Commission. The only question is whether there is any competent evidence to support the finding of the Commission that the respondent was temporarily totally disabled, as found by the Commission. Petitioners, Choctaw Cotton Oil Company and United States Fidelity & Guaranty Company, contend that there is no such evidence. Respondent urges that there is. It appears that respondent was injured on March 29, 1932, while engaged in a hazardous occupation for the Choctaw Cotton Oil Company. Respondent and another employee were lifting press boxes weighing approximately 250 pounds and sustained an injury which was described in his claim for compensation as "back strain, injury to back, straining muscles of abdomen, injury to testicles and otherwise straining and injuring him."

Respondent testified that he still suffered from his injury and is unable to perform manual work. There is expert testimony to show that this condition was due to the injury he received while in the course of his employment and that he was unable to perform manual work at the time of the hearing.

Some evidence is directed to the fact that he suffered from a previous disease, gonorrhea, thirty years ago. Even though respondent had a previous latent or dormant infectious disease, he would not be estopped to claim compensation under the Workmen's Compensation Law if the injury so received aggravated and lighted up such pre-existing physical condition. Patrick & Tillman Drilling Co. v. Gentry, 156 Okla. 142, 9 P. (2d)

921; Lee Drilling Company v. Ralph, 156 Okla. 140, 9 P. (2d) 954. There is expert testimony to show that the strain would cause and aggravate the pre-existing condition.

Award affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, and WELCH, JJ., concur. BUSBY, J., absent.