### GRIMSHAW CONST. CO. et al. v. BIAS et al.

No. 28515.   Nov. 22, 1938.

Rehearing Denied Dec. 6, 1938.

Application for Leave to File Second Petition for Rehearing Denied Dec. 20, 1938.

Jarman, Brown, Looney & Watts and Edgar Fenton, for petitioners.

Hamilton & Clendinning and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The parties will be referred to as they appear in this court, W. R. Grimshaw Construction Company and the Standard Accident Insurance Company, petitioners, and J. B. Bias as the respondent.

The facts reveal that on the 23rd day of September, 1937, the respondent was working on scaffolding on a building during the construction of the same in Tulsa, Okla., when he caught his foot on a plank and tripped and fell 16 or 18 feet. From this accidental injury it is claimed that respondent is now permanently and totally disabled. There is no doubt that there is competent evidence that the disability respondent now suffers is total and permanent. Not only he but his doctors testified that he is wholly unable to perform any kind of manual labor. The sole question is the cause of disability.

Petitioners first urge that the commission erred in refusing to consolidate the hearing on the claim filed herein with a former proceeding, represented by claim No. A-79141 filed on Form No. 3, September 14, 1933. Petitioners cite Denver Producing & Refining Co. v. Phillips, 163 Okla. 106, 21 P.2d 42, and Robinson v. State Industrial Commission, 176 Okla. 619, 56 P.2d 826, which in turn cite C. E. Reynolds Drilling Co. v. Phillips, 163 Okla. 170, 22 P.2d 111, to the effect that where disability results from two compensable injuries while employed by different employers, the commission should apportion the compensation.

Form 3, filed September 14, 1933, relied upon an alleged injury of June 29, 1928, while working for G. D. Morrow & Company. This is the former claim referred to by the petitioners, which alleged that when the respondent was working on a concrete building he fell to the ground striking his head and injuring head, back, and hips. The next thing in the record is a letter from the adjuster of Aetna Insurance Company, September 20, 1933, stating that it has no record of any claim filed other than this Form 3. The record also contains an application to determine the disability in this proceeding marked received and filed September 11, 1933. Some notices follow of a hearing which was finally set for hearing on October 31, 1933, and November 29, 1933, but was never heard, for it was stricken by stipulation from the assignment under date of November 28, 1933. At that time E. M. Conner was representing respondent. The respondent apparently abandoned this claim after a letter written by him to Dr. H. D. Wilkins asking the physician to appear on October 31, 1933, and testify; and a reply by Dr. Wilkins that he could not testify that the things found at the time of the operation were the result of the accidental injury of June 29, 1928.

Dr. Wilkins operated upon respondent in 1933 and removed a cyst. There is competent evidence in the record that this operation cured the respondent, and thereafter he was examined by the physician for the petitioner. Grimshaw Construction Company, who found him capable of work; and he was

drawing $10 per day at the time of the accidental injury. In support of this testimony the physician called for the respondent testified that the condition which respondent suffered as a result of the injury of 1928 must have cleared up or he could not have worked on the type of work at which he was working when he was injured in September, 1937. At this hearing it may be stated that on the offer of proof petitioners conceded the wages drawn by respondent, and that the work was hazardous and that the rate of weekly compensation should be at the maximum of $18 per week.

After the proceeding referred to above in which the other claim was stricken from the assignment, no further proceeding was had until September 27, 1937, when Hamilton and Clendinning wrote the State Industrial Commission regarding the same and were informed under date of September 20th by letter as to the facts above stated. On January 21, 1938, Hamilton and Clendinning again wrote to Mrs. Mabel Sherin, secretary of the commission, that they wished to know the status of this claim; and on January 24, 1938, the secretary wrote referring to the reply of the State Industrial Commission of September 30, 1938. This is the record of claim No. A-71941. We are convinced that the case does not come within the rule of C. E. Reynolds Drilling Co. v. Phillips, supra. It will be noted that it was the contention of the petitioners that the former injury caused the disability, while the respondent contends that it was the injury of September 23, 1937, which caused the disability. This was gone into fully by both parties before the State Industrial Commission and the exhibits mentioned above were introduced by each, dependent upon which one thought they might benefit thereby. In New York Indemnity Co. v. Miller, 163 Okla. 283, 22 P.2d 107, we said:

"The cause of a compensable disability sustained by an employee, which arose out of and in the course of his employment within the meaning of the Workmen's Compensation Act, is a question of fact to be determined by the State Industrial Commission from all of the facts and circumstances in connection therewith."

In Choctaw Cotton Oil Co. v. Boyd, 162 Okla. 15, 18 P.2d 859, we said:

" 'Where an accidental personal injury, arising out of and in the course of employment and within the terms of the Workmen's Compensation Law, aggravates and lights up a pre-existing physical condition, the injured employee is, nevertheless, entitled to 'compensation therefor.' Patrick & Tillman Drilling Co. v. Gentry, 156 Okla. 142, 9 P.2d 921."

The State Industrial Commission did not err in refusing to consolidate the two claims.

It is next urged that the finding of fact that the respondent has sustained permanent disability for the performance of ordinary manual labor is insufficient to support an award for permanent total disability. This is the wording of the second specification of error in the brief of petitioners. The award states that by reason of said accidental injury the respondent is permanently and totally disabled from the performance of ordinary manual labor. We think this is a finding by the State Industrial Commission that the respondent is totally and permanently disabled. We are of the opinion that this finding is sustained by competent evidence. In Sherman Machine & Iron Works v. Lentz, 155 Okla. 180, 8 P.2d 713, we said:

"Whether claimant was totally disabled from performance of ordinary manual labor is question of fact for Industrial Commission."

This likewise disposes of the third proposition, which is that the award for total and permanent disability is not sustained by competent evidence.

The award is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, and PHELPS, JJ., concur.