PRINCE CHEVROLET CO. et al.
v. YOUNG et al.

No. 29443. May 7, 1940.

*102 P. 2d 601.*

Don Anderson, of Oklahoma City, for petitioners.

M. O. Counts, of Hartshorne, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Prince Chevrolet Company, employer, and State Insurance Fund, its insurance carrier, hereinafter referred to as petitioners, to review an award in favor of Lance Young, hereinafter designated respondent.

On the 17th day of September, 1936, the employer filed first notice of injury on Form 2 with the State Industrial Commission, and therein stated that the respondent sustained an accidental injury on July 14, 1936, when he strained himself while working on a car in the employer's garage. On October 30, 1936, the respondent filed first notice of injury and claim for compensation with the State Industrial Commission, and on the same date Form 7 stipulation and receipt for temporary total disability was executed and approved by order of the State Industrial Commission on November 5, 1936.

On September 29, 1938, the respondent filed a motion to reopen the cause to determine the extent of disability, and on October 7, 1938, petitioners filed a denial, whereupon the proceeding was set for hearing and hearings held, following which hearings the State Industrial Commission entered its order under date of July 28, 1939, finding that as a result of the accidental injury of July 14, 1936, respondent has a total permanent disability and entered its award accordingly.

The petitioners have presented two specifications of error. It is first alleged that the disability was a recurrence of an injury received in 1932, when the respondent was working for the Dollins Chevrolet Company. As to whether the disability resulted from a prior injury or is an aggravation of a prior injury or is caused by a new and independent injury is a question of fact solely within the province of, and for the determination of, the State Industrial Commission, and if there is any competent evidence to sustain the finding, an award based thereon will not be disturbed. Grimshaw Const. Co. v. Bias, 184 Okla. 122, 85 P. 2d 304; New York Indemnity Co. v. Miller, 163 Okla. 283, 22 P. 2d 107; Choctaw Cotton Oil Co. v. Boyd, 162 Okla. 15, 18 P. 2d 859; Patrick & Tillman Drilling Co. v. Gentry, 156 Okla. 142, 9 P. 2d 921. In such cases we must examine the record to determine if there is any competent evidence to support the finding of the State Industrial Commission.

There is substantial evidence that respondent sustained an accidental injury on July 14, 1936. He quit work at the time, according to the employee's own statement, received medical attention, and was paid temporary total disability under stipulation and receipt. The medical expert witnesses for the respondent definitely fixed the disability as a result of the accidental injury of July 14, 1936. For instance, Dr. Harris stated categorically that the injury of 1932 contributed very little to the disability; that the specific cause of the present disability was the injury of 1936. This matter of the accidental injury of 1932 was gone into fully. In fact, no suggestion was made by the petitioners to develop this point that was not fully granted by the State Industrial Commission, except to refuse to grant the motion to combine the two cases. Petitioners' own physician testified that the latter injury aggravated a prior condition; while, as above stated, the physicians for the respondent testified that in their opinion the disability was a result of the accidental injury of July 14, 1936. The finding of the State Industrial Commission that the disability is a result of the injury of July 14, 1936, is sustained by competent evidence, and therefore will not be disturbed on review.

Finally it is contended that it was error for the State Industrial Commission not to consolidate the cause with the claim filed by respondent in the Dollins Chevrolet Case. Since we have found that the award was supported by com-

petent evidence and the State Industrial Commission was justified in its finding that the disability is a result of the accidental injury of July 14, 1936, and not of a prior injury or accident, it therefore follows that it was not error to refuse to consolidate the cause with any other cause.

Award sustained.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, HURST, and DANNER, JJ., concur.