**TILLERY & JONES et al.**

v.

**SIGLER et al.**

No. 36119.

Supreme Court of Oklahoma.

Dec. 15, 1953.

Rehearing Denied Jan. 12, 1954.

Looney, Watts, Ross, Looney & Smith, Oklahoma City, for petitioners.

Dick Hansen and Fred Hammer, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

Claimant Edward Sigler filed his first notice of injury and claim for compensation stating that on April 23, 1953, while employed as a tool dresser for Tillery and Jones, employer, he sustained an accidental injury arising out of and in the course of his employment when he slipped and fell injuring his back. The State Industrial Commission entered an award for temporary total disability. Tillery and Jones and Tri-State Insurance Company, insurance carrier, hereinafter called petitioners, bring this proceeding to review the award.

Claimant stated that on April 23, 1953, he was picking up a mud box weighing approximately 250 pounds when he slipped and fell jerking a kink in his lower back. He was taken to a hospital at Duncan, Oklahoma where he was hospitalized and treated for a little more than a week. He was released and continued under the care of a physician and given a brace for his back at an Oklahoma City clinic. He was hospitalized in an Oklahoma City clinic for five days where he was examined and given medical injections.

Petitioners urge two propositions. They are: (1) The finding of fact that claimant sustained an accidental injury on April 23rd, 1953, is not supported by competent evidence. (2) The testimony of claimant's expert witness is based upon an inaccurate history, is vague and indefinite and not sufficient to support the order of the trial commissioners in this case. The chief complaint is that the medical evidence offered by a physician for claimant is vague and uncertain and based on facts not properly detailed by the claimant. With this contention we cannot agree. To support their charge that the testimony of the physician for claimant is based on misinformation and an inaccurate history petitioners argue that claimant did not inform the physician of an injury to his back sustained in 1950, and an injury to his stomach sustained

while employed by the Hoster Steel Company subsequent to the injury of 1950. They state they assume the physician for claimant did not know of the injury of 1950. The record is silent as to this. We can make the same assumption, and it does not follow that the report of the physician for claimant is based on inaccurate and misleading information. We have examined the cases cited by petitioners in support of this argument, to-wit: Bergstrom Painting Co. v. Pruett, 205 Okl. 291, 237 P.2d 453; Makins Sand & Gravel Co. v. Hill, 151 Okl. 214, 3 P.2d 432; and Acme Flour Mills v. Bray, 185 Okl. 516, 94 P.2d 828. The nearest case in point is Acme Flour Mills v. Bray, supra. Therein the order vacating the award was based on the fact that the chief cause of the disability as shown by medical evidence of the employer was not stated to the physician for claimant. In the case under consideration there is no evidence in the record which shows that any disability claimant now has is due to either of these injuries and nothing in the report of the physician for claimant indicates that had the physician been advised of these two injuries his report would have been different. In City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094, 1095, we stated:

"We have said in Magnolia Petroleum Co. v. Clow, 163 Okl. 302, 22 P.2d 378:

" 'Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science, and must necessarily be proved by the testimony of skilled professional persons.'

"And to the same effect in Eagle-Picher Lead Co. v. Black, 164 Okl. 67, 22 P.2d 907. This does not mean that the testimony of such skilled and professional persons has to be given categorically, but when their testimony is sufficiently plain and explicit as to justify the meaning assigned it by the commission and the finding is based thereon, this court will not disturb such finding, and in that event the finding

will be considered as any other question of fact and given weight accordingly. See Amerada Pet. Corp. v. Cook, 152 Okl. 98, 3 P.2d 667. This is particularly true where as in this case there was no evidence introduced or offered to contradict in any respect the evidence of the respondent."

█ There is no medical evidence to dispute claimant has a temporary total disability. The testimony of the physician for claimant is to the effect that this disability was caused either by a new injury or an aggravation of an injury received in 1952. We have held that whether the disability resulted from a prior injury or is an aggravation of a prior injury or is caused by a new and independent injury is a question of fact solely within the province of and for the determination of, the State Industrial Commission, and if there is any competent evidence to sustain the finding, an award based thereon will not be disturbed. Prince Chevrolet Co. v. Young, 187 Okl. 253, 102 P.2d 601; Grimshaw Const. Co. v. Bias, 184 Okl. 122, 85 P.2d 304; New York Indemnity Co. v. Miller, 163 Okl. 283, 22 P.2d 107; Choctaw Cotton Oil Co. v. Boyd, 162 Okl. 15, 18 P.2d 859; Patrick & Tillman Drilling Co. v. Gentry, 156 Okl. 142, 9 P.2d 921.

█ There is competent evidence reasonably tending to support the finding that the disability resulted from an accidental injury arising out of and in the course of the employment.

Finally, petitioners argue that claimant relied in his claim on an injury from lifting a flow line, but testified he was injured lifting a mud box and never explained this inconsistency. This seems to be a misunderstanding in terms of equipment, since claimant says in his brief the mud box is a filter on the end of the flow line. This objection is therefore without serious merit. Claimant was taken from his work at the time of the accident by order of agents of the employer. He was hospitalized by the request of the employer and paid two payments for temporary disability. The allegation in the answer raising the question of notice was abandoned.

Finding no error the award is sustained.