**LIBERTY GLASS CO. v. HARLIN et al.**

No. 36049.

Supreme Court of Oklahoma.

Jan. 19, 1954.

Earl Foster, Jr., Earl Foster, Oklahoma City, for petitioner.

George W. Miller, Ponca City, Mac. Q. Williamson, Atty. Gen., for respondents.

O'NEAL, Justice.

On January 20, 1953, David L. Harlin, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on December 10, 1952, while employed by the Liberty Glass Company, hereinafter referred to as petitioner, he sustained an accidental injury arising out of and in the course of his employment. An award was made by the State Industrial Commission for 10 per cent permanent disability and this proceeding is brought to review the award.

The evidence discloses claimant was employed in the maintenance and repair department of petitioner. On December 10, 1952, he was working with another employee in the plant at Sapulpa, Oklahoma. He and the fellow employees were attempting to lift a box weighing approximately 175 pounds from the floor of the plant when he felt a severe pain while lifting. He could not straighten up and became nauseated and faint. He leaned over on a box and couldn't straighten up. He went to a physician at the direction of petitioner and was treated by him. A physician testifying for claimant stated that the disability of claimant was the result of an aggravation of a pre-existing arthritic condition and possible fracture of the twelfth vertebra. As a result of the disability the claimant is now unable to do ordinary manual labor; that his condition is permanent and he has a 50 per cent disability which is due to the accidental injury of December 10, 1952.

A second physician for claimant likewise supported a disability resulting from the accidental injury of December 10, 1952.

It is first argued that the strain occasioned by the lifting of the box in the case under consideration does not constitute an accidental injury. Petitioner relies upon Ford Motor Co. v. Scruggs, 154 Okl. 219, 7 P.2d 479; National Biscuit Co. v. Lout, 179 Okl. 259, 65 P.2d 497; Oklahoma Leader Co. v. Wells, 147 Okl. 294, 296 P. 751; and Phillips Pet. Co. v. Eaves,

200 Okl. 21, 190 P.2d 462. In each of these cases cited the court pointed out that there was no evidence of a strain that caused the disability. We have held that an injury arising from a strain caused by lifting, pulling, prying or shoveling constitutes an accidental injury in the following cases: Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465; National Well Service v. Brumley, 204 Okl. 190, 228 P.2d 638; Knotts Bakery v. Freudenthaler, 188 Okl. 321, 108 P.2d 540; Special Indemnity Fund v. McFee, 200 Okl. 288, 193 P.2d 301; Stillwater Milling Co. v. Mott, 200 Okl. 562, 197 P.2d 966; Gentry v. State Industrial Commission, 202 Okl. 75, 210 P.2d 160; Hart Const. Co. v. Weaver, 201 Okl. 424, 206 P.2d 724; Southwestern Stamp Works v. Sanders, 206 Okl. 41, 240 P.2d 1081; State Highway Department v. Powell, Okl., 258 P.2d 1189.

■ It would serve no useful purpose to analyze the fact situation which is the basis of the rule in each case. The cases have heretofore been analyzed and discussed. See especially Knotts Bakery v. Freudenthaler and Choctaw County v. Bateman, supra. We therefore hold that the evidence is sufficient to support the finding that claimant sustained an accidental injury arising out of and in the course of his employment when he strained himself lifting the box.

It is next argued that there is no competent evidence that strain caused the disability. While there is evidence to contradict the evidence of the two physicians for claimant it is sufficient to support the finding of the State Industrial Commission that the disability is due to the strain. In Choctaw County Oil Co. v. Boyd, 162 Okl. 15, 18 P.2d 859, we said:

"'Where an accidental personal injury, arising out of and in the course of employment and within the terms of the Workmen's Compensation Law, aggravates and lights up a pre-existing physical condition, the injured employee is, nevertheless, entitled to compensation therefor.' Patrick & Tillman Drilling Co. v. Gentry, 156 Okl. 142, 9 P.2d 921."

■ As to whether or not the disability is due to prior injury or disease or is an aggravation of a prior latent condition is a question of fact. Prince Chevrolet Co. v. Young, 187 Okl. 253, 102 P.2d 601; Grimshaw Const. Co. v. Bias, 184 Okl. 122, 85 P.2d 304.

There is competent evidence reasonably tending to support the finding that the strain suffered by the claimant lighted up and aggravated a prior condition and thus caused a compensable disability.

Award sustained.