**SKELLY OIL COMPANY, a Corporation, an Own Risk Carrier, Petitioner,**

v.

**STATE INDUSTRIAL COMMISSION and Orval B. McGlothlin, Respondents.**

**No. 37631.**

Supreme Court of Oklahoma.

April 30, 1957.

Rehearing Denied May 28, 1957.

Louis B. Gresham, Ralph L. Cunnyngham, R. Kendall Sherrill, Tulsa, for petitioner.

Lee & Booth, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Vice Chief Justice.

On the 18th day of May, 1956, Orval B. McGlothlin, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on March 28, 1956, he sustained an accidental injury aris-

ing out of and in the course of his employment with Skelly Oil Company. An award was made by the State Industrial Commission and this proceeding is brought by Skelly Oil Company, own risk, hereinafter called petitioner, to review the award.

Claimant testified that he was employed in the warehouse of his employer and while installing material stepped on a rolling tail gate of a truck, his feet slipped out from under him and he struck the small of his back on the tail gate. He was treated by the company doctor and when pain developed in the back area he was hospitalized on two different occasions approximately a week apart for a total period of thirty-two days. After he was discharged from the hospital he was not able to return to work.

Dr. R. examined claimant on June 25, 1956, for the purpose of testifying. The history given by the doctor is as related above. The doctor testified that claimant gave him a history of striking his tail bone or coccyx while employed by another company in June of 1954, but stated that this was not disabling. The doctor stated that by reason of the accidental injury of March 28, 1956, claimant was totally disabled from performing manual labor and recommended surgery for correction of the fifth lumbar spinal disc.

Dr. A. examined claimant and his testimony is in all substantial respects the same as that of Dr. R. except that Dr. A. did not recite any injury of 1954. Dr. A. was then confronted with a report made by him under date of July 16, 1954. He was then asked if he wished to change his opinion. The doctor stated that the accidental injury in 1954 was the primary cause of the disability, and that there was an aggravation which caused the present condition.

■ The petitioner argues that the finding is not supported by any competent evidence, and that the testimony of Dr. R. and Dr. A. is based on a history not established by the evidence because the testimony of Dr. A., above referred to, states that the injury of 1954 was the primary cause. We do not agree. It is not argued that claimant is not disabled. Petitioner offered no testimony to disprove the disability. Petitioner cites Acme Flour Mills v. Bray, 185 Okl. 516, 94 P.2d 828; Armour & Co. v. Worden, 189 Okl. 106, 114 P.2d 173; and Western Good Roads Service Co. v. Coombes, 185 Okl. 599, 95 P.2d 633, which holds, in effect, that where it is required to establish the disability by medical expert testimony, such medical expert testimony much be based substantially upon a correct history of the case. There is a material distinction in cases like Acme Flour Mills v. Bray, and Western Good Roads Service Co. v. Coombes, supra, and the case we are now considering. In Acme Flour Mills v. Bray, supra, claimant concealed a diseased condition which he admittedly knew existed. In Western Good Roads Service Co. v. Coombes, supra, claimant had told the doctor that he sprained his knee whereas in the history of the case given by him at the trial, he stated that he felt his knee give way when he kneeled down.

The record does not disclose that claimant knew of the report of Dr. A. with relation to the accidental injury of June, 1954, or that he was ever informed of the condition of his back resulting from the injury of 1954. It is not shown for what reason the report of Dr. A., in 1954, was made, and it is not shown that any compensation was paid for the injury of 1954. It is well known that a subsequent back injury which lights up a condition caused by a former back injury is compensable under Workmen's Compensation Law, 85 O.S.1951 § 1 et seq. When Dr. A. was confronted with his report he stated that if the new injury was the cause of this disability it would be due to an aggravation of the prior injury. From the time of the accidental injury of 1954 it is shown that claimant was capable of performing, and did perform without hindrance or loss of time, all the duties of his employment. It was not until he sustained his accidental injury of March 28, 1956, that he suffered any pain or lost any time from his work.

■ Under the rule announced in City of Kingfisher v. Jenkins, 168 Okl. 624, 33

**812**

P.2d 1094, it was entirely within the province of the State Industrial Commission to determine whether claimant's condition was due to the former injury or was an aggravation of the prior injury. As to whether the disability is due to a former injury or is an aggravation of a prior injury is a question of fact, and if the finding of the State Industrial Commission is reasonably supported by the evidence an award based thereon will not be disturbed on review. City of El Reno v. Short, 206 Okl. 592, 245 P.2d 711; Pittsburg Plate Glass Co v. Wade, 197 Okl. 681, 174 P.2d 378; and Prince Chevrolet Co. v. Young, 187 Okl. 253, 102 P.2d 601.

There is competent evidence from which the State Industrial Commission was authorized to find that the disability is the result of the injury of March 28, 1956.

Award sustained.

WELCH, C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.