**BARTLETT–COLLINS COMPANY, a Corporation, Own Risk, Petitioner,**

**v.**

**Elbert L. ALSPAW and the State Industrial Commission, Respondents.**

**No. 38031.**

Supreme Court of Oklahoma.

May 20, 1958.

Looney, Watts, Looney & Nichols, Oklahoma City, Loeffler, Loeffler & Allen, Sapulpa, for petitioner.

Young, Young & Young, Sapulpa, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Justice.

On the 23rd day of April, 1957, Elbert L. Alspaw, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that he sustained an accidental injury arising out of and in the course of his employment with Bartlett-Collins Company, employer, on the 18th day of January, 1957. The State Industrial Commission entered an award for temporary total disability and this proceeding is brought by the employer, own risk, hereinafter called petitioner, to review the award.

Claimant was a carpenter. He states that on the 18th day of January, 1957, he was lifting a flat piece of iron weighing approximately seventy pounds when he injured his back. The claimant had been employed by petitioner for approximately six years. In 1955 he had sustained an injury to his back and was sent by petitioner to Dr. C who treated him and saw him professionally the last time, prior to the present injury on September 27, 1955. After the accidental injury on January 18, 1957, Dr. C treated claimant and subsequently sent him to Dr. S. Thereafter Dr. W treated claimant and performed a laminectomy on May 31, 1957. It is not disputed that claimant is temporarily totally disabled.

Petitioner presents two propositions. It is first argued there is no competent evidence reasonably tending to support the finding of the State Industrial Commission that the disability is due to the accidental injury of January 18, 1957.

Dr. C testified that he saw claimant on January 29, 1957, which was the next time he saw him after claimant was in the clinic where he was treated by Dr. C in 1955. He was asked to compare the condition existing in September, 1955, when he treated claimant, and claimant's condition in 1957, after the accidental injury of January 18, 1957. He stated claimant complained of pain in his lower back and in his opinion the disability was a recurrence of the disability caused by the injury of 1955.

Dr. W testified for claimant and stated that since claimant had been able to perform his regular duties since September, 1955, until the injury of January 18, 1957, the disability is due to the latter injury.

Whether a disability is the result of an accidental injury, disease, or prior accidental injury is a question of fact and if there is any competent evidence reasonably tending to support the finding of the State Industrial Commission on this issue

an award based thereon will not be disturbed by this court on review. New York Indemnity Co. v. Miller, 163 Okl. 283, 22 P.2d 107; McCawley v. Crane, 184 Okl. 64, 85 P.2d 423; Prince Chevrolet Co. v. Young, 187 Okl. 253, 102 P.2d 601; Gillie Coal Co. v. Lambert, 194 Okl. 283, 150 P.2d 79, and, Skelly Oil Co. v. State Industrial Commission, Okl., 311 P.2d 810. In Skelly Oil Co. v. State Industrial Commission, supra, we said:

"Whether the disability of an injured employee is the result of an accidental injury or a prior injury or disease is a question of fact and if there is any competent evidence reasonably tending to support the finding of the State Industrial Commission an award based thereon will not be disturbed on review."

In Prince Chevrolet Co. v. Young, supra [187 Okl. 253, 102 P.2d 602], it is stated:

" * * * As to whether the disability resulted from a prior injury or is an aggravation of a prior injury or is caused by a new and independent injury is a question of fact solely within the province of, and for the determination of, the State Industrial Commission, and if there is any competent evidence to sustain the finding an award based thereon will not be disturbed. Grimshaw Const. Co. v. Bias, 184 Okl. 122, 85 P.2d 304; New York Indemnity Co. v. Miller, 163 Okl. 283, 22 P.2d 107; Choctaw Cotton Oil Co. v. Boyd, 162 Okl. 15, 18 P.2d 859; Patrick & Tillman Drilling Co. v. Gentry, 156 Okl. 142, 9 P.2d 921. In such cases we must examine the record to determine if there is any competent evidence to support the finding of the State Industrial Commission."

We have noticed the several cases cited by petitioner, including Hall v. Howard Johnson of Oklahoma, Inc., Okl., 297 P.2d 560, and Sutton & Sutton v. Courtney, 203 Okl. 590, 224 P.2d 605. These cases follow the rule announced in the foregoing cases. In Douglas Aircraft Co., Inc., v. Bounds, 198 Okl. 69, 175 P.2d 342, cited by petitioner, this court denied a subsequent award because claimant was permanently and totally disabled by a former accidental injury for which he had received an award. The remaining cases are likewise distinguishable from the case under consideration.

Petitioner argues that claimant did not give Dr. W a history of any prior accidental injury and therefore Dr. W based his conclusion on a wrong history. We do not agree. Dr. W was given the information as to the accidental injury of 1955 and stated that since claimant was able thereafter to perform his duties during his employment up to the time of the accidental injury of January 18, 1957, he was of the opinion that the cause of the temporary total disability was the latter injury.

■ The final proposition submitted by petitioner is that the operation performed by Dr. W was the direct cause of the disability and therefore the award should be vacated on this ground. This statement is without any support in the evidence. No medical expert testified that any operation was the cause of the disability. Under the rule announced in City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094, the evidence supports the finding of the State Industrial Commission that the claimant is temporarily totally disabled due to the accidental injury of January 18, 1957.

Award sustained.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, BLACKBIRD, and JACKSON, JJ., concur.