KERR'S, INC., a Corporation, and Aetna Casualty & Surety Company, a Corporation, Petitioners,

v.

James SMITH and the State Industrial Court, Respondents.

No. 38709.

Supreme Court of Oklahoma.

Feb. 7, 1961.

Ross & Holtzendorff, Jay R. Bond, Oklahoma City, for petitioners.

Joe M. T. Wilson, Hugh F. Owens By W. A. Bill McWilliams, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

IRWIN, Justice.

On June 12, 1957, James Smith received an award for 40% permanent partial disability (being 200 weeks), as a result of an accidental injury suffered in the course of his employment with Kerr's Inc., on November 15, 1956. This award was commuted to a lump sum on December 12, 1957, and paid in full.

In January, 1959, and before the expiration of the 200 weeks for which he had received a lump-sum payment, James Smith filed a motion to re-open for additional medical treatment. Evidence was submitted and the motion was heard by the trial commission on January 27, 1959. While the motion was still pending, Smith filed a motion to re-open on change of condition, alleging that the evidence adduced at the January 27, 1959 hearing, "clearly indicated

that the claimant was permanently and totally disabled from any further ordinary manual labor, *and it being further established by said testimony that the claimant will not live out the order issued June 12, 1957, giving him 40% disability to the body as a whole*." He prayed for an award for total and permanent disability and that the same be commuted to a lump sum.

On March 10, 1959, the trial commissioner entered an award for permanent total disability and commuted it to a lump sum. On appeal to the State Industrial Court, sitting en banc, the order was affirmed on April 12, 1959, and the petitioners have perfected this appeal to review such award.

Petitioners first contend that the State Industrial Court erred in not apportioning the disability due to a former injury and the disability due to the injury of November 15, 1956. In this connection, they rely on Noel v. Potts, 157 Okl. 136, 11 P.2d 137, wherein we held:

"Where in a proceeding before the State Industrial Commission the evidence of the medical or expert witnesses is such as to show that the disability of claimant is due in part to an accidental injury and part to pre-existing disease, a finding of the commission that the disability is due wholly to the accidental injury is error."

In that case we held the commission erred in finding the disability complained of was due wholly to the accidental injury for the reason "the testimony of the physician shows conclusively that claimant's disability was due, in part at least, to the pre-existing osteoarthritis, together with pre-existing syphilis * * *."

The case is distinguishable from the case at bar. In the instant case there is competent evidence reasonably tending to support the finding of the State Industrial Court that the injury of November 15, 1956, caused the disability for which James Smith was awarded total permanent disability. In this connection, payment of the former award of 40% permanent partial disability

and the death benefits would be inconsistent with the proposition that only part of the disability was caused by the latter injury. Therefore, the applicable rule is stated in Prince Chevrolet Co. v. Young, 187 Okl. 253, 102 P.2d 601, 602, wherein we said:

"* * * As to whether the disability resulted from a prior injury or is an aggravation of a prior injury or is caused by a new and independent injury is a question of fact solely within the province of, and for the determination of, the State Industrial Commission, and if there is any competent evidence to sustain the finding an award based thereon will not be disturbed. Grimshaw Const. Co. v. Bias, 184 Okl. 122, 85 P.2d 304; New York Indemnity Co. v. Miller, 163 Okl. 283, 22 P.2d 107; Choctaw Cotton Oil Co. v. Boyd, 162 Okl. 15, 18 P.2d 859; Patrick & Tillman Drilling Co. v. Gentry, 156 Okl. 142, 9 P.2d 921. In such cases we must examine the record to determine if there is any competent evidence to support the finding of the State Industrial Commission."

Since there is competent evidence supporting the finding of the State Industrial Court that the injury of November 15, 1956, caused the total permanent disability, the same will not be disturbed by this Court on review.

Petitioners further contend the Industrial Court abused its discretion in ordering that the additional compensation for total and permanent disability be paid in a lump sum. In this connection, petitioners contend the award was commuted to a lump sum in view of impending death.

The record reveals that James Smith died on May 28, 1959, by reason of the accidental injury for which the former awards had been entered. A proceeding was commenced under the death benefit provisions, and on August 31, 1959, an award for the maximum amount, $13,500, was entered in favor of the executor of the estate of James Smith, deceased, for the benefit of the widow of James Smith. The petitioners did not appeal this order and the award has been paid and the same is not before this Court for consideration.

Petitioners rely upon Parkhill Truck Co. v. Emery, 166 Okl. 280, 27 P.2d 333, wherein we held:

"While the State Industrial Commission is vested with a wide discretion in the matter of commuting periodical payments of an award into a lump sum payment in the interest of justice, an order commuting such payments will not be sustained where the record affirmatively shows that such order was made in view of the impending death of the claimant and does not promote substantial justice to all the parties involved."

There is evidence in that case that the award was commuted to a lump sum either on the date the claimant died or the day before, and the evidence shows that the award was commuted to a lump sum in order to defeat the rule theretofore announced by this Court (prior to amendment of Title 85 O.S.1951 § 41) that an award abated upon the death of a claimant so that no further amounts not accrued could be received by his dependents.

In resolving the issue as to whether the Industrial Court abused its discretion in commuting the award to a lump sum, we should consider in conjunction therewith petitioners' further contention that under the provisions of Title 85 O.S.1951 §§ 41 and 48 the State Industrial Court erred as a matter of law in reviving the award after the death of James Smith due to the same cause as that for which the disability was awarded.

Section 41 provides that when an award becomes final, the whole sum or any unpaid portion thereof shall operate as a final adjudicated obligation and payment thereof may be enforced by the claimant, or in case of death, by the surviving beneficiary. It further provides that in case of death of claimant at any time before satisfaction or payment of the total award made, the same shall not abate, but shall be revived in favor of the person or persons determined by

the Commission to be entitled thereto. Under this section, an award can be revived whether death is due to a cause other than the injury for which claimant has been awarded compensation, or death results from the injury for which he has received compensation. See Schmidt v. Moncrief, 1944, 194 Okl. 377, 151 P.2d 920.

Section 41 was enacted prior to the constitutional amendment adopted at a special election July 4, 1950, amending Art. 23, Sec. 7, of the Constitution, and passage of the Death Benefits Act by the 1951 Legislature. In the 1951 enactment of the Death Benefits Act, the legislature amended Section 48, which relates to whom compensation shall be paid in case of death of claimant. In amending Section 48, in 1951, this phrase was added, "due to a cause other than the injury for which he has been awarded compensation." The section now reads,

" * * * Compensation and benefits shall be paid only to employees; provided, however, that an award made to a claimant under the provisions of this chapter shall, in case of death of claimant, *due to a cause other than the injury for which he has been awarded compensation,* be payable to and for the benefit of the persons following: * * *."

■ Since under Section 41, in case of death of a claimant, irrespective of the cause, before satisfaction or payment of the total award made, the same does not abate and may be revived; and, under Section 48, if claimant dies due to a cause other than the injury for which he has received an award, such award is payable to and for the benefit of persons prescribed by statute; we can only conclude that Section 48, which was enacted after Section 41, amended by implication Section 41. If the amendment of Section 48, by the 1951 Legislature, did not amend by implication Section 41, which was previously enacted, the phrase "due to a cause other than the injury for which he has been awarded compensation," which was added to Section 48 by the 1951 amendment, would be mere surplusage and without force or effect. Therefore, we construe

the present law to be: (a) Claims for payments of a final award which have accrued may be revived for the benefit of the person or persons entitled thereto, irrespective of the cause of death of employee in whose favor the original award was made; (b) If an employee dies, due to a cause other than the injury for which he has been awarded compensation, a claim for all payments of a final award which have not been paid, may be revived in favor of the person or persons entitled thereto; (c) If an employee dies, due to the cause for which he has been awarded compensation, a claim for accrued payments may be revived in favor of the person or persons entitled thereto, and unaccrued payments abate upon his death.

■ In view of the above rules, it is apparent that the issue as to whether or not the State Industrial Court abused its discretion in commuting the award for total permanent disability to a lump sum becomes extremely important for these reasons. An award commuted to a lump sum is an accrued award and a claimant is entitled to its immediate payment and such award does not abate upon the death of claimant, irrespective of the cause of death. On the other hand, since claimant died due to a cause for which he received an award for total permanent disability, the unaccrued payments, if the award had not been commuted to a lump sum, would abate upon his death as his dependents were entitled to and have received death benefits. Therefore, if the State Industrial Court did not abuse its discretion in commuting the award to a lump-sum payment, such lump-sum award does not abate upon his death; if the State Industrial Court did abuse its discretion in commuting the award to a lump-sum payment the unaccrued portion of the award for total permanent disability would abate upon his death and the accrued portion of the award for total permanent disability would not abate upon his death.

■ We therefore hold the State Industrial Court did not err as a matter of law in reviving the award after the death of James Smith.

In considering the commutation of an award to a lump sum in the case of M. T. Smith & Son Drilling Co. v. Cox, 162 Okl. 301, 21 P.2d 496, we said:

"Section 13365, O.S.1931, vests in the State Industrial Commission a wide range of discretion in the matter of commuting monthly payments into lump sum payments in the interest of justice. Where it does not affirmatively appear that the commission has abused its discretion in commuting certain monthly payments for compensation into a lump sum for immediate payment and where action on the part of the commission tends to promote substantial justice to all of the parties involved, such award will not be disturbed by this court."

And to reiterate what we held in the Parkhill Truck Co. v. Emery case, supra:

"* * * An order commuting such payments will not be sustained where the record affirmatively shows that such order was made in view of the impending death of claimant and does not promote substantial justice to all the parties involved."

 In applying these principles to the case at bar we must be mindful that an accidental injury resulting in death is a distinct right separate and apart from an award for total and permanent disability. See Armour & Company v. Strickland, Okl., 283 P.2d 538. The fact that claimant did die due to the accidental injury for which he was awarded compensation, or the fact that death benefits have been paid, should not be considered in determining whether the Industrial Court abused its discretion in commuting the award to a lump sum. Therefore, we must review the evidence upon which the Industrial Court made its findings and entered its order.

The record discloses the trial commissioner asked the claimant's doctor, "Doctor, do you think that there is much possibility that this man will not live until 1961, when his order runs out?" The doctor answered, "I would. * * * I don't think he will.

I mean, his condition is such that he could expire anytime, and his prognosis is extremely poor, as I said. * * *."

During the hearing, the petitioners were granted five days within which to submit objections to a deposition. In discussing the five day period, claimant's attorney said, "Judge, five days is a long time. I wouldn't say this, but I know from talking with the doctor that he has been more than fair in stating that this man might live; but actually, this man could expire by the time we get back to the office."

In claimant's petition to re-open for additional medical treatment and change of condition, it was alleged that the evidence introduced at the January 27, 1959 hearing established, "that the claimant will not live out the order issued June 12, 1957, giving him 40% disability to the body as a whole."

The record is barren of any evidence whatsoever that would indicate that claimant would be living at the expiration of the 200 weeks for which he had received compensation. Not only does the uncontradicted evidence reveal that claimant was totally and permanently disabled, it clearly establishes claimant's allegation that he would, "not live out the order issued June 12, 1959, giving him 40% disability to the body as a whole."

 We can only conclude that the commutation of the award for total and permanent disability was made in view of impending death of decedent which would not tend to promote substantial justice between the parties involved. We therefore hold the State Industrial Court abused its discretion in commuting the award for total and permanent disability to a lump sum and that portion of the order commuting the award to a lump sum is vacated.

Petitioners next contend that the State Industrial Court abused its discretion in entertaining the application to re-open on a change of condition prior to the expiration of the 200 weeks for which claimant had received a lump-sum award.

 Although title 85 O.S.Supp.1953, Section 43, is a statutory limitation on the

right to apply for a change in condition, section 28 provides the Industrial Court may at any time review an award on the ground of change in condition. There is no prohibition against reviewing an award on a change of condition prior to the expiration of the statutory period provided in the original award. In Kadane Const. Co. v. Lee, 176 Okl. 356, 55 P.2d 1031, we held:

> "The State Industrial Commission is not required to await the expiration of the period for which compensation has been previously awarded before entertaining an application to re-open the cause on the grounds of a change in the condition of the injured employee."

In the Kadane Const. case the additional award was not payable until the expiration of the previous award which was payable over a period of 60 weeks. In the instant case, the claimant had been previously awarded compensation for 200 weeks, payable in a lump sum which had been paid in full when the application to re-open was filed on a change of condition before the expiration of the 200 weeks. Therefore, we are not concerned with the question as to whether or not an order can be entered directing payments to be made on an award for a change of condition during the time there are unaccrued payments on a previous award, but whether or not an order can be entered directing payments be made on an award for a change of condition where there are no unaccrued payments.

We have no statutory provision concerning this issue and it is one of first impression before this Court. However, under title 85 O.S.1951 § 172, as amended, which relates to payments from the Special Indemnity Fund, after payments by the employer or his insurance carrier, if any, have ceased, the remainder of such compensation shall be paid out of the Special Indemnity Fund. In Special Indemnity Fund v. Bryant, 205 Okl. 630, 239 P.2d 1014, we said that when payments have ceased in an award made against an employer, the State Industrial Commission was authorized to order payments against the Special Indemnity Fund to commence immediately.

We can see no reason why the same rule would not be applicable where, as in the instant case, the previous award for 200 weeks had been paid in full and there were no further payments to be made under the order. We therefore hold that the executor of the estate of James Smith, deceased, would be entitled to the accrued payments of the award for total and permanent disability, computed on weekly periodical installments, from the effective date of the order to the date of death of decedent.

Award vacated in part and sustained in part.