NATIONAL ZINC COMPANY and Hartford Accident and Indemnity Company, Petitioners,

v.

B. J. CICHON et al., Respondent.

No. 39512.

Supreme Court of Oklahoma.

July 5, 1961.

Rehearing Denied Sept. 13, 1961.

Covington & Gibbons, A. M. Covington, Tulsa, for petitioners.

Howard C. Triggs, Oklahoma City, Mac Q. Williamson, Atty. Gen., Richard M. Huff, Asst. Atty. Gen., for respondents.

DAVISON, Justice.

On October 25, 1960, B. J. Cichon (claimant) filed his claim with the State Indus-

trial Court for compensation, stating that on October 16, 1960, while employed by National Zinc Company (employer), he sustained an accidental injury to his back. Hearing was held on November 16, 1960. The claimant was unable to attend this hearing because of a recent operation to his back. At the conclusion of the hearing it was agreed that either side could file medical reports and the matter would then be submitted to the trial judge for decision.

On November 21, 1960, the claimant filed report (Form 4) of the attending physician, Dr. B, and on December 13, 1960, filed Dr. B's written medical report. The employer did not file any medical report. On December 19, 1960, the trial judge made an award of temporary total disability. This proceeding is brought by the employer and its insurance carrier, Hartford Accident and Indemnity Company, to review the award.

Petitioners urge there was no medical evidence to support the award and no proof of an accidental personal injury.

The evidence discloses that claimant was employed as a furnace stamper and that on October 16, 1960, he was pushing a wheelbarrow full of clay up a ramp that was about 10 feet long. About half way up the ramp claimant dropped the wheelbarrow and went down on the handle bars. Claimant complained to witnesses that he had done something to his back and sat on the handle bars for some time. He worked the rest of the day and the next day. Claimant then went to his personal doctor and was referred to Dr. B. Claimant was hospitalized and Dr. B performed a laminectomy on November 8, 1960, fusing vertebrae L–3 to L–4 to L–5 to the sacrum.

The Form 4 report of Dr. B recited the accident of October 16, 1960, and stated the condition of claimant was due to the injury. The written report of Dr. B related the accident of October 16, 1960; that claimant had experienced discomfort in the lower back for 2 years or more; that X-rays and a myelogram revealed spondylolysis of the L–4 and L–5 level and spondylolisthesis with about a 1 degree forward shift at the level of L–4 and that the fusion operation revealed a congenital origin; that claimant would have temporary total disability of at least 6 months beginning October 16, 1960, and that his partial permanent disability could not then be determined.

■ Petitioner urges Dr. B was not employed or furnished by the employer, but was the personal doctor of the claimant, and that consequently the Form 4 report of Dr. B, wherein claimant's condition was attributed to the injury of October 16, 1960, was not binding on petitioners and was of no probative force. Petitioners argue this leaves the later written report of Dr. B as the only valid medical evidence and that said report can only be interpreted as showing claimant's condition and disability was of congenital origin.

It is our opinion that petitioners have misconstrued the situation. The Form 4 report was filed after the conclusion of the hearing at which it was agreed either or both parties could submit medical reports. It was filed as medical evidence to be considered by the trial judge. It was the substance and not the form of the report that was to be considered by the trial judge. Later the written report of Dr. B was filed December 13, 1960. These two reports constituted all of the medical evidence.

■ In City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094, we stated:

"Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based thereon when reasonably supported will not be disturbed."

"* * * This does not mean that the testimony of such skilled and pro-

fessional persons has to be given categorically, but when their testimony is sufficiently plain and explicit as to justify the meaning assigned it by the commission and the finding is based thereon, this court will not disturb such finding, and in that event the finding will be considered as any other question of fact and given weight accordingly. * * *"

From our examination of the record we construe the evidence to reflect that on October 16, 1960, the claimant did suffer an accidental injury consisting of a strain to his back. The reports of Dr. B recite the accidental injury on October 16, 1960, review the hospitalization and surgery, and state in substance that the disability of claimant is due to an aggravation of a prior and existing back condition.

Awards for disability resulting from strain have been approved by this court. See Liberty Glass Co. v. Harlin, Okl., 265 P.2d 1096; Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465, and Southwestern Stamp Works v. Sanders, 206 Okl. 41, 240 P.2d 1081.

This court has also held that where an accidental personal injury, arising out of and in the course of employment and within the terms of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., aggravates and lights up a pre-existing physical condition, the injured employee is, nevertheless, entitled to compensation therefor. Choctaw Cotton Oil Co. v. Boyd, 162 Okl. 15, 18 P.2d 859. See also Liberty Glass Co. v. Harlin, supra, and Standard Roofing & Material Co. v. Ross, Okl., 279 P.2d 947.

The evidence and the reports of Dr. B, when properly analyzed, reasonably inform the State Industrial Court of an accidental injury and a resulting disability from that injury.

There is competent evidence reasonably tending to support the award of the trial judge.

Award sustained.