**WILKERSON CHEVROLET, INC., and Universal Underwriters, Petitioners,**

v.

**Floyd G. MACKEY and State Industrial Court, Respondents.**

No. 39466.

Supreme Court of Oklahoma.

Dec. 12, 1961.

Ungerman, Grabel, Ungerman, Leiter & Unruh, Tulsa, for petitioners.

Claud Briggs, Oklahoma City, George D. Willhite, Sapulpa, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

On March 21, 1960, Floyd G. Mackey, hereinafter called claimant, filed two separate claims with the State Industrial Court. The first claim stated that on January 7, 1960, he sustained an accidental injury when he slipped on some oil and fell inside the building owned and operated by Wilkerson Chevrolet, Inc., hereinafter called employer. The second claim stated that while moving an automobile on the car lot of employer he sustained an accidental injury on January 30, 1960, when he slipped on ice and fell against an automobile and to the ground.

An award was made by the State Industrial Court which found in part as follows:

"That claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, on January 30, 1960, consisting of injury to his back.

"That claimant's rate of compensation is $35.00 per week, for temporary total disability and $30.00 per week for permanent disability; that as a result of said injury, claimant was temporarily totally disabled from the date thereof to May 30, 1960, for which time he is entitled to compensation for 17 weeks and 2 days at $35.00 per week, or the total amount of $466.73; and that temporary total disability ended May 30, 1960.

"That as a result of said accidental personal injury of January 30, 1960, claimant has sustained 30 per cent permanent partial disability to the body as a whole, for which he is entitled to compensation for 150 weeks at $30.00 per week, or the total amount of $4500.00, of which 19 weeks have accrued to October 10, 1960, and shall be paid in a lump sum of $570.00, balance of award to be paid to claimant at the rate of $30.00 per week from October 10, 1960."

This proceeding is brought by the employer and its insurance carrier, Universal Underwriters, as petitioners to review the award.

The record discloses that claimant sustained an accidental injury as alleged on January 7, 1960, but lost no time therefrom;

that he sustained a further accidental injury January 30, 1960, for which he was hospitalized and operated on February 8, 1960, for the removal of the fourth and fifth discs of the vertebrae and fusion of the fourth and fifth vertebrae and the fifth vertebra with the sacrum.

The evidence further discloses that in November, 1952, claimant compromised a back injury claim in the Industrial Accident Commission of California, for $6,000 in addition to $1,644.67 formerly paid for temporary disability. The accidental injury in that proceeding was received on December 3, 1951, while he was employed by Longren Aircraft Company in Los Angeles, California. Subsequent to the date of that compromise claimant was gainfully employed until the accidental injury of July 30, 1960.

Petitioners first argue that the finding of the State Industrial Court to the effect that claimant's disability is due to the injury received while in the employ of employer cannot be sustained because part of the disability is due to the accidental injury received while employed in California. It is argued that the Industrial Court should determine the disability attributable to the present injury. Petitioners cite in support of this argument: Noel v. Potts, 157 Okl. 136, 11 P.2d 137; Washita County Gin Company v. Colbert, 162 Okl. 276, 19 P.2d 1080; Conlin Co. v. Guckian, 163 Okl. 193, 21 P.2d 740; Shoenfield & Hunter Drilling Co. v. Combs, 167 Okl. 397, 30 P.2d 162; Wise-Buchanan Coal Co. v. Risco, 150 Okl. 190, 1 P.2d 411, and related cases. A careful examination of these cases discloses that they are not in point under the facts in this case. The cited cases reflect prior existing physical conditions in the nature of disease or other physical impairment separate and apart from the last injury. The entire record in the California proceeding was submitted to the Oklahoma State Industrial Court. There was no order or award entered by the California Industrial Accident Commission determining the extent of any disability. Claimant has worked constantly since the date of the California compromise without loss of time. From all of the evidence the State Industrial Court found the claimant had sustained 30 per cent permanent partial disability as a result of the last injury. There is ample evidence that claimant has a disability of 30 per cent due to the present injury to the back. Two doctors testified that the disability was due to the latter injury. The doctor who operated testified that from an examination of fibrous condition in the area of the operation he was of the opinion that the disability was due to the latter injury and that lapse of time since the former injury in California and claimant's ability to perform hard labor confirmed this opinion.

■ The cases applicable are: Prince Chevrolet Co. v. Young, 187 Okl. 253, 102 P.2d 601; Skelly Oil Co. v. State Industrial Commission, Okl., 311 P.2d 810; Kerr's, Inc. v. Smith, Okl., 359 P.2d 330. In Prince Chevrolet Co. v. Young, supra, it is stated:

"* * * As to whether the disability resulted from a prior injury or is an aggravation of a prior injury or is caused by a new and independent injury is a question of fact solely within the province of, and for the determination of, the State Industrial Commission, and if there is any competent evidence to sustain the finding an award based thereon will not be disturbed. Grimshaw Const. Co. v. Bias, 184 Okl. 122, 85 P.2d 304; New York Indemnity Co. v. Miller, 163 Okl. 283, 22 P.2d 107; Choctaw Cotton Oil Co. v. Boyd, 162 Okl. 15, 18 P.2d 859; Patrick & Tillman Drilling Co. v. Gentry, 156 Okl. 142, 9 P.2d 921. In such cases we must examine the record to determine if there is any competent evidence to support the finding of the State Industrial Commission." [187 Okl. 253, 102 P.2d 602.]

One doctor, in addition to the doctor referred to above, testified that in his opinion the disability was due to the injury sustained by claimant while he was

in the employ of Wilkerson Chevrolet, Inc. As stated in City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094, 1095:

> "Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based thereon when reasonably supported will not be disturbed."

There is competent evidence reasonably tending to support the finding of the State Industrial Court that the disability is due to the injury sustained in the employment with Wilkerson Chevrolet, Inc.

It is further argued that the evidence offered in support of the disability cannot be accepted for the reason that it is based on a misstatement by claimant as to his injury in California. The complete record of the California proceeding was introduced before the trial tribunal and is presented here. Petitioners asked doctors testifying for claimant if they had taken into consideration the injury to the claimant in California. One doctor testified that he was of the opinion that the disability was not due to the California accident but to the latter injury and that he based this opinion on the long time elapsing since the injury in California. There was a full and complete investigation of all the facts and circumstances surrounding the award in California. We find the argument that the evidence offered in support of the disability is unworthy of belief, because of the misstatement of claimant as to the California injury, to be without serious merit.

Finally petitioners argue that the 14 weeks included in the temporary disability has been awarded twice. This involves the companion case, No. 39467, .Wilkerson Chevrolet, Inc. v. Mackey, 367 P.2d 165, determining the disability resulting from a hernia received in the same accident, and is discussed in the consideration of that case. It is not necessary to take further notice of this proposition in this case.

Award sustained.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

HALLEY, J., dissents.